## WINSLOW & ux. versus PATTEN & al.

The ordinance of 1641 provided that the proprietor of land adjoining on the sea or salt water shall hold to low water, where the tide does not ebb more than one hundred rods. Though that ordinance was vacated by the abrogation of the Colonial charter, it has by long usage become the law of the State.

Words of doubtful import in a deed of conveyance, are to be construed most favorably to the grantee.

A grantor deeded a lot or square of land, bounded by an arm of the sea, "*reserving a street through the square*," [of a described width and location,] "*together with the flats; viz: all my right to the same in front of said square to the channel;* —

*Held*, that the flats were not included in the reservation, but passed by the deed.

ON FACTS AGREED.

Writ of entry to recover certain flats, lying between high water and low water marks, upon Fore river, an arm of the sea.

So far as involved in the present controversy, the demandants are to be considered as owning one quarter of the flats, by inheritance from the late William Vaughan, unless the same were included in his deed to Donnell, under whom the tenants claim. That deed conveyed a lot or square of land extending down to and bounded by Fore river, "*reserving* a street through said square of forty feet in width, at the distance of 130 feet south of Bridge street, and at right angles with said Bridge street, *together with the flats; viz. all my right to the same in front of said square to the channel.* To have and to hold the same with all the privileges and appurtenances thereof to said Donnell."

Judgment is to be rendered in accordance with the legal rights of the parties.

*Fox*, for the demandants, conceded that the deed, under which the tenants claim, would convey the flats, except for the *reservation* contained in it; but he contended that, by the reservation, the flats were retained by Vaughan, and did not pass by the deed. *Sprague* v. *Snow*, 4 Pick. 54; *Rackley* v.

*Sprague,* 19 Maine, 346 ; *Kennebec F. Co.* v. *Bradstreet,* 28 Maine, 377.

*Shepley & Dana,* for the defendants.

WELLS, J. — The determination of the question presented depends upon the construction of the deed from William Vaughan to James Donnell. If the demanded premises passed by that conveyance, the tenants are entitled to recover. The description of that part of the premises in controversy is as follows : — " Square No. nine, lying and being on the south side of Bridge street in said Portland, bounded northerly on said Bridge Street four hundred and twenty-nine feet, easterly by a street of sixty feet, southerly by Fore river, westerly by a street forty-five feet in width, *reserving* a street through said square of forty feet in width at the distance of one hundred and thirty feet south of Bridge street, and at right angles with said Bridge street, *together with the flats, viz. all my right to the same in front of said square to the channel.*"

The deed of the land bounded by Fore river, an arm of the sea, would convey the flats, by virtue of the Colonial ordinance of 1641. It may therefore be said, that they would not have been mentioned, but for the purpose of making an exception of them. But it has not been unusual in deeds of conveyance to mention flats expressly, although they would pass by the general description of the premises.

If it had been intended to except the flats from the operation of the conveyance, the qualifying phrase, " all my right to the same," &c. would not probably have been introduced. The interest of the grantor would not have required or induced him to limit the force of the exception, if it had been intended to be such, nor could there have been any necessity for him to do so. But if on the contrary a grant of the flats was intended, there might have been a good reason for imposing some limitation upon the language used. For if they were conveyed absolutely, and the title should fail, the grantor would be liable on his covenants, which were those of general warranty, but by conveying his right merely, he might sup-

pose that he would warrant nothing more than his then present interest, whatever it might be. The language employed in the deed would appear to indicate, that the grantor had such a distinction in contemplation, whether well founded in law or not, it is not now necessary to consider.

Taking into consideration, that the expression "all my right," &c. would not have been used unless there had been a desire to prevent a liability, which might arise if the flats were intended to be conveyed, the mind is drawn to the conclusion that the purpose was to convey them.

But if this were ·a case of so much doubt, that it could not be determined whether the flats were granted or excepted, the construction most favorable to the grantee should be adopted. And if the grantor has really left it in doubt whether he has excepted a part of the premises granted, such part must pass by the general terms and description of the grant. *Lincoln* v. *Wilder*, 29 Maine, 169.

In the opinion of a majority of the Court, there must be judgment for the tenants.

*Judgment for the tenants.*