WILLIAM A. BALDWIN, Appellant, *vs.* JAMES M. WINSLOW, Respondent.

APPEAL FROM THE JUDGMENT OF THE DISTRICT COURT OF SCOTT COUNTY.

If the meaning of an instrument by itself is unintelligible and uncertain, extrinsic evidence is admissible to identify its subjects or its objects, or to explain its recitals or promises, so far, and only so far, as this can be done without any contradiction of or departure from the meaning which is given by a fair and rational interpretation of the words actually used.

If the meaning of the instrument, by itself, is affected with uncertainty, the intention of the parties may be ascertained by extrinsic testimony; and this intention will be taken as the meaning of the parties (as) expressed in the instrument, if it be a meaning which *may be* distinctly derived from a fair and rational interpretation of the words actually used. But if it be incompatible with such interpretation, the instrument will then be void for uncertainty or incurable inaccuracy.

The complaint set forth a bond for a deed for certain lands in Scott County, alleging performance of conditions precedent on the part of the Plaintiff, and demanding a conveyance of the property, by warranty deed, from the Defendant; also, setting forth certain clerical errors in the description of the lands included in the bond, and demanding a specific performance, according to the true intent of the parties. The Defendant demurred to the complaint, on the ground that the bond was void on account of uncertainty.

The uncertainties complained of appear in full in the Opinion of the Court.

[The points and authorities on behalf of Appellant are not on file.]

The following are the points and authorities presented by Counsel for Respondent:

Where, in the terms of a written agreement either executory or executed, there is a plain mistake of facts, and such mistake is already made out by satisfactory parol proofs, equity will reform the contract so as to make it conformable to the precise intent of the parties; and in preliminary contracts for conveyances, &c., the Court will act efficiently by reforming the preliminary contract itself, and decreeing a due execution of it as reformed. 1 *Story's Eq.*, *Sec.* 151, 154, 159, 161, *and note; Cowen and Hill's notes to Phillip's Ev.*, *part* 2, *pp.* 623,

28

624, *and cases therein cited; Roosevelt vs. Fulton*, 2 *Cow. R.*, *p.* 129; *Gillespie vs. Moon*, 2 *John. Ch. R. p.* 585; *Keisselbrock vs. Livingston*, 4 *John. Ch. R. p.* 144; *Fish vs. Hubbard*, 21 *Wend.* 651; 1 *Greenl. Ev., Sec.* 300.

The mistakes alleged by the Plaintiffs in this case all pertain to the *subject matter of the contract*—they are mere inaccuracies in the description of the land sold. The real intention of the parties in this respect, is distinctly averred in the complaint, and the Defendant, by demurring, admits those allegations to be true. The Plaintiff has gone into the possession of the lands under the agreement, and *fully performed* on his part.

It is therefore a clear case for the interpretation of a Court of Equity, to reform the contract so as to conform it to the precise intention of the parties, and to decree its specific performance, as reformed. *Vide authorities above cited.*

F. J. WHITLOCK, Counsel for Appellant.

T. J. GALBRAITH AND BRISBIN & BIGELOW, Counsel for Respondent.

*By the Court*—L. EMMETT, Ch. J. It is admitted by the Demurrer that the Defendant executed a bond to convey to the Plaintiff, on certain conditions, the one-half of certain lands, which are described in the bond, as lot number seven, half of lot eight, and so much of lot ten as lies east of a certain line, all in section 31, of township 114, Scott County. That at the time of executing said instrument, the Defendant did not own said lot seven, but that he was then the owner of lot nine of said section. That it was the intention of the parties to include in the above description lot nine instead of lot seven, and that the description "lot 7," wherever it occurs, is a clerical error, and should read "lot 9," instead. It is also admitted that the Defendant meant and intended by this instrument, to agree to convey the *undivided* half of the lands intended to be described. That the half of lot eight intended by the description is the "half" lying next to and adjoining said lot nine on the north, and that the portion of lot ten meant and intended by the description, lies next to and ad-

joins said lot nine on the west. The Demurrer further admits a compliance with the terms and conditions of the bond, on the part of the Plaintiffs, in the manner stated in the complaint, and that they have demanded of the Defendant before the commencement of this action, a deed for the undivided half of the lands meant and intended to be described in the bond.

The grounds of demurrer are, 1st, That the bond is void for uncertainty; 2nd, That the uncertainty cannot be explained by allegation; 3d, That the Plaintiffs do not so allege performance on their part of conditions precedent as to entitle them to maintain their action; 4th, That the relief claimed is not supported or justified by the facts alleged. As to the third ground, we hold that performance of all the conditions of the bond is sufficiently alleged, by the detailed statement of the time and manner of performance, even if the Plaintiffs have thereby waived the benefit of the general allegation afterwards made, and as to the fourth, we think that the relief asked is consonant with the facts stated in the complaint.

In support of the first two grounds of objection it is contended, that it is impossible to tell what half of the lands was intended to bargain and sell, whether the north, south, east or west half, or the undivided half. That it is equally difficult to determine what half of lot eight is meant by the description.

That the point of beginning and whole description of the line defining the portion of lot ten intended to be conveyed are indefinite and uncertain.

That the reservation of "two acres on the west side of the creek" is void for uncertainty, the lines and locality thereof not being defined, and it not appearing that there are two acres in lot ten west of the creek.

And that as there are several townships in Scott County numbered 114, and no range is mentioned in the description, it cannot be determined which is the township intended. Other uncertainties are also urged, but these are all that we consider it necessary to enumerate.

What degree of uncertainty will render instruments like the one under consideration void, or how far an ambiguity may be explained by extrinsic facts, is not always easy to determine. Rules to assist in determining the difficult questions of this

class constantly arising, have from time to time been suggested, but all seem to admit of more or less question. Even those laid down by Lord Bacon, and which for a long time were considered infallible, have frequently been found insufficient, and are therefore less regarded in modern times. His rule regarding *latent* and *patent* ambiguities, long believed to furnish the decisive test, has proved no exception to the fallibility of all general rules that have been suggested. There are *latent* ambiguities, as the term is generally understood, that cannot be helped by averment, and on the other hand, there are ambiguities *patent* which may be explained by extrinsic evidence. We find however the following propositions in *Parsons on Contracts*, *Vol.* 2 *page* 76, which appear applicable to the present case :

" If the meaning of the instrument by itself is intelligible and certain, extrinsic evidence is admissible to identify its subjects or its objects, or to explain its recitals or its promises, so far, and only so far, as this can be done without any contradiction of, or departure from, the meaning which is given by a fair and rational interpretation of the words actually used."

" If the meaning of the instrument by itself, is effected with uncertainty, the intention of the parties may be ascertained by extrinsic testimony, and this intention will be taken as the meaning of the parties expressed in the instrument, if it be a meaning which *may be* distinctly derived from a fair and rational interpretation of the words actually used. But if it be incompatible with such interpretation, the instrument will then be void for uncertainty or incurable inacuracy."

These propositions will apply to the objections made to the bond under consideration, whether the alleged uncertainty is in the meaning of the instrument itself, or in the application of its language to extrinsic facts. It is first objected that it is uncertain which half of the property intended, the Defendant agreed to convey. It is alleged however that the parties intended thereby the *undivided* half, and the demurrer admits that such was the intention. Such too we hold to be the legal effect of a conveyance by one to another of " the half" of any particular piece of property. As it could not be said that the

Baldwin *v.* Winslow.

grantee in such a case takes any particular half, he would take an undivided half of each and every part.

Another objection is that it cannot be told from the instrument itself, which half of lot 8 is intended by the description. But the Plaintiffs identify by averring that the half next to and adjoining lot 9 on the north is the half meant, and we do not think that this identification is a contradiction of, or departure from the rational interpretation of the words of the instrument.

It is also urged that there is no definite starting point for the line defining the portion of lot 10 intended to be conveyed. This line is described as commencing " at the Minnesota river, at the centre of the county road running to Belle Plaine City." The Minnesota River is a well known object. The county road running thence to Belle Plaine City, is a matter of record, and its point of departure is therefore easily' ascertained. Such being the case, we are unable to see why the centre of this road cannot easily be found at the point where it leaves the river, nor why the line cannot thence be traced throughout, according to the description.

Again it is insisted that the reservation of " two acres on the west side of the creek," is void for uncertainty. But we cannot see why the bond may not be good notwithstanding, nor why the Plaintiffs should be deprived of the benefit of their purchase, because the Defendant failed to make a valid reservation.

And it is further argued as an incurable uncertainty, that the bond does not specify the Range in which this Township 114 is situated. It is stated and is no doubt true, that there are several Townships of that particular number, (114) in the county of Scott; but it does not follow that any but one has ten or more fractional lots in Section 31, and in addition a county road leaving the Minnesota river within its borders, and running thence to Belle Plaine City. And even should it be found that every description that could possibly be gathered from the bond applied equally to several townships or to several distinct pieces of land; still we hold that it is competent to the Plaintiffs to identify the subject, to which the description of the instrument under consideration will apply.

There is another view of this case which should not be over-looked. There is a class of cases in which uncertainty of description in instruments of this character, otherwise incurable, may be helped by election. The Plaintiffs in the present instance after the execution and delivery of the bond, agree upon and determine the location of the outer line of that portion of lot 8 intended to be conveyed. And thereupon the Plaintiffs entered into possession of, and proceeded to plat, survey and subdivide into lots, the land in controversy, and had such plat lithographed and recorded pursuant to the conditions of the bond and all with the consent of the Defendant. These acts, done with the assistance or by consent of the Defendant, ought we think, to estop him from taking advantage of uncertainty which if proved to exist, might otherwise have been deemed incurable.

Sound policy also requires that the contract of parties be carried into effect unless they be incurably defective. And in this particular instance, it would be palpable hardship to permit the Defendant to avoid his contract, after having treated it as valid, until the Plaintiffs with his countenance and consent, have performed all the conditions by them to be done and performed, upon the identical lands admitted to have been the subject of the contract. We think that the ambiguities of this bond may be explained by extrinsic evidence; that the Plaintiffs having performed all the conditions thereof, are entitled to a specific performance as prayed for in the complaint, and as the Court below rendered judgment in accordance with these views, we must affirm the judgment with costs.