AMOS BARNES AND WIFE *vs*. CHARLES BURT.

38  541
62  207
38  541
72  192

Held, that the following clause in a deed of land, "reserving to myself the use of the well in the highway in front of said land," created a reservation, and not an exception, it appearing that the water in the well was ample for the use of both parties, and that therefore the grantor had no right to change the manner of obtaining water from the well, so as to exclude the grantee from its use.

In trespass by husband and wife for an entry on the land of the wife and the severance and removal of a pump so affixed to the land as to become a fixture, it was held that the plaintiffs were entitled to recover for the removal of the pump, if the entry, severance and removal were one continuous act.

TRESPASS *qu. cl.* for entering the plaintiffs' land, and removing the curb and fixtures of a well; brought to a justice of the peace, appealed to the Court of Common Pleas, and tried on the general issue closed to the jury, before *Brewster*, J. Verdict for the plaintiffs, and motion for new trial by the defendant for error in the rulings and charge of the court. The case is sufficiently stated in the opinion.

*Sturges*, in support of the motion.

*Sanford*, contra.

CARPENTER, J. The defendant deeded the *locus in quo* to Sarah Nichols, one of the plaintiffs' grantors, and inserted in the deed, after the description of the premises, the following words: "reserving to myself the use of the well in the highway in front of said land." The principal question in the case relates to the construction of this clause. The court below instructed the jury that it was a reservation, and not an exception.

It is not always easy to determine which was intended by the parties. The language employed is not the only criterion. The word "reserving" is often construed as creating an exception, and the word "excepting," as creating a reservation. The language used therefore must be considered with reference to the subject matter of the contract and the circum-

stances of the case. In this case the subject matter is a well in the land conveyed. The thing reserved by the grantor was not the well itself, but the *use* of the well ; and the question is whether he intended to reserve to himself the *exclusive* use of the well, or *a* right to use it in common with the grantee. Had he intended the former, it would have been easy for him to have reserved the well, instead of its use, or to have used the word " exclusive," or some other word of like import. On the other hand, it is claimed that the reservation of the use imports the sole and exclusive use. This might be true of a thing not susceptible of being fully and freely enjoyed by more than one party. But the case shows that the water in the well was ample for the use of both parties, and both used it down to the time of the acts complained of as a trespass. The use of a well under such circumstances does not necessarily mean the exclusive use. If my neighbor grants to me the use of his well, being in his land, I would not understand it as excluding himself from its use. If he may use it without interfering with the privilege granted to me, the grant should be interpreted as conveying to me a right in common with himself.

This case is less favorable to the defendant. The language is his own. Had he intended to reserve an exclusive right, he could easily have said so. Failing to do so, and it appearing that the use of the well by the grantee is consistent with the fullest enjoyment of the privilege reserved to the grantor, we think we ought to hold that the defendant has not the exclusive right to use the well, but *a* right to its use simply.

The right then is an easement in the land conveyed, and is created by the conveyance. That brings it within the definition of a reservation, viz. " That part of a deed or other instrument which reserves a thing not *in esse* at the time of the grant, but newly created." *Bouvier Law Dictionary,* " *Reservation.*" It follows therefore that the defendant had no right to change the manner of obtaining water from the well so as to exclude the plaintiffs therefrom.

The defendant further claimed that the wrongful and malicious conduct of third parties in polluting the water justified

him in depriving the plaintiffs of their right to its use. The court below very properly refused to sanction this claim. There is and can be no ground on which it can be sustained.

It appears that the defendant further requested the court to charge the jury, that "if they should find that the defendant first took up the curb, stones and pump with crank, and laid them on the plaintiffs' land by the well in the morning, and on the following day removed them to the defendant's land, the plaintiffs were not entitled to recover for this last taking away, as by the severance of these fixtures from the freehold they became personal chattels, the legal right to which rested exclusively in the plaintiff, Amos Barnes.

The court did not so charge the jury, but charged them that a pump firmly and permanently inserted in the ground by stone and iron work was a fixture in contemplation of law, and for an entry on the land of the wife to remove it unlawfully, and its unlawful severance and removal on such entry, if the entry, severance and removal were found to be one continuous act, the husband and wife in this action could recover, if the jury should find an entry for that purpose, and an unlawful severance and removal.

We see no objection to this part of the charge. Under it the jury must have found that the entry, severance, and removal were one continuous act.

There are other questions presented by the record, but as they are not insisted on we have no occasion to consider them.

A new trial is denied.

In this opinion the other judges concurred.