WASHINGTON MILLS EMERY MANUF'G CO. *v.* COMMERCIAL FIRE INS. CO.

SAME *v.* ROGER WILLIAMS INS. CO.

SAME *v.* MERIDEN FIRE INS. CO.

SAME *v.* TRADE INS. CO.

SAME *v.* COLUMBIA FIRE INS. CO.

*(Circuit Court, D. Massachusetts. October 14, 1882.)*

1. INSURANCE—BREACH OF CONDITION.

Plaintiff, a corporation, had conveyed certain ground on which the buildings insured were situated to the city of Boston, with the right to remove the buildings within a certain time, or they would be forfeited. *Held,* that until forfeiture it still owned the buildings, and that its not notifying the insurance company of its conveyance to the city was not a breach of the condition in the policy providing that "if the interest of the assured in the property be any other than the entire, unconditional, and sole ownership of the property for the use and benefit of the assured, or if the building insured stands on leased ground, it must be so represented to the company, or so expressed in the written part of the policy, otherwise the policy shall be void."

2. RESERVATION—EXCEPTION—DEED.

The clause in the deed "that the grantor corporation excepts and reserves to itself all of the buildings, etc., standing on the granted lands," etc., is an *exception* and not a *reservation;* for a reservation is a clause in a deed whereby the grantor reserves some *new thing* to himself out of that which he granted before, and differs from an *exception,* which is ever a part of the thing granted, and a thing *in esse* at the time.

3. INSURANCE—MEASURE OF DAMAGES.

> In a case like this the measure of damages is the real value of the buildings at the time of the fire, and not their relative value to the assured for the purpose of the removal.

Motion for a New Trial.

*Solomon Lincoln,* for plaintiff.

*J. P. Treadwell,* for defendants.

Before LOWELL and COLT, JJ.

COLT, D. J. On November 20, 1877, the plaintiff sold the land upon which its works were situated to the city of Boston, excepting and reserving the buildings, machinery, and fixtures, provided the same were removed by the first of October following, and if not so removed the grantor forfeited all right thereto, and they became the absolute property of the city of Boston. In April, 1878, the plaintiff took out policies of insurance for various amounts in the defendant companies. The policies ran for one year, and were renewals of other policies. The fire took place August 17, 1878, destroying, in great part, the buildings and their contents. No notice of the deed to the city of Boston was given to the insurance companies, and they were ignorant of the fact until after the fire. These suits were first brought in the state court, and afterwards removed to this court. The cases were sent to an auditor, who found for the plaintiff, reserving to each party questions of law. At the last term of court the cases were tried together before a jury, and verdicts rendered for the plaintiff. The present motion for a new trial raises several questions. The defendants contend that the policies are void by reason of the breach of certain conditions contained therein, especially the following, which are in substance the same in all the policies:

" If the interest of the assured in the property be any other than the entire, unconditional, and sole ownership of the property for the use and benefit of the assured, or if the building insured stands on leased ground, it must be so represented to the company, and so expressed in the written part of this policy, otherwise the policy shall be void. * * * If the property be sold or transferred, or any change takes place in title or possession, whether by legal process or judicial decree, or voluntary transfer or conveyance, * * * or if the interest of the assured in the property, whether as owner, trustee, consignee, factor, agent, mortgagee, lessee, or otherwise, be not truly stated in this policy, * * * this policy shall be void."

These contracts are to be sustained if they fairly can be. Conditions of this character, inserted for the benefit of the insurers, are, as against them, to be strictly construed. If the building stands on leased ground it must be so expressed in the written part of the policy;

but further than this, there is nothing in these conditions which requires the assured to give notice that he is not the owner of the land upon which the property insured is situated. The land is not insured, and if the actual property covered by the risk conforms to these various conditions as to absolute ownership it would seem to be sufficient. The assured owned the buildings originally, and it had never parted with any interest in them. While it had conveyed the land upon which they were situated to the city of Boston, it had not parted with either the title or possession of the property insured. It had only agreed that if the buildings were not removed within a certain time they should be forfeited. So far as appears, the assured was preparing to remove them within the time stated, unless a further extension should be granted. Until the ownership was taken away by forfeiture or otherwise it would seem to be complete.

In *Hope Ins. Co.* v. *Brolaskey*, 35 Pa. St. 282, it was held that a lessee for a term of years, with the right to remove the buildings to be erected thereon at the termination of the lease, was the absolute owner of the buildings, and had a right to insure them as such, and that the condition did not require that he should give notice that he was not the owner of the land. The condition of the policy was as follows:

"If the interest in the property to be insured be a leasehold interest, or other interest not absolute, it must be so represented to the company, and, expressed in the policy in writing, or otherwise the insurance shall be void."

In *Fowle* v. *Springfield Ins. Co.* 122 Mass. 191, there was the following condition in the policy:

"The interest of the assured, whether as owner, consignee, factor, lessee or otherwise, in the property to be insured, shall be truly stated in the policy, otherwise the same shall be void; and such interest shall also be set forth in the proofs of loss, with the names of the true owners of the property."

In the proofs of loss the plaintiffs stated under oath that the building belonged to them, and that no other person or party had any interest therein. The insurance, as stated in the policy, was on "their two-story brick and graveled-roof building * * * on leased land," etc. It turned out that by the terms of the lease the future buildings erected (of which this was one) were to be kept insured for the benefit of the lessor, and the buildings were to be delivered up to him at the end of the term. The majority of the court sustained the policy. In both the opinion of the court and the dissenting opinion the case of *Hope Ins. Co.* v. *Brolaskey* is referred to apparently with approval.

In *Ins. Co.* v. *Haven*, 95 U. S. 242, it was decided that the owner of the land and buildings, who leased the same before the buildings were erected, was still the entire, unconditional, and sole owner of the property, and that the buildings did not stand on leased land within the meaning of the policy. Nor can it be said that the assured, at the time of the fire, was a tenant at will of the grantee, and so a lessee, or that the buildings stood on leased ground. The facts go to prove that the grantor was to remain by consent in possession of the premises without payment of rent until October 1, 1878, which shows possession under a license rather than a lessee. As between grantor and grantee the general rule is not to imply a lease from occupation if the relation can be referred to any other distinct cause. Taylor, L. & T. § 25; *Russell* v. *Erwin*, 38 Ala. 44; *Dakin* v. *Allen*, 8 Cush. 33.

The defendants further maintain that the clause in the deed to the city of Boston in reference to buildings is a reservation, and not an exception, and that therefore the title to the buildings passed to the grantee, subject to the right of removal by the grantor. The clause is as follows:

"The grantor corporation excepts and reserves to itself all of the buildings and structures standing on the granted lands, with all machinery and fixtures: provided, however, that the same shall be removed from the granted premises by the grantor corporation, at its sole expense, before the first day of October next; and if not so removed, the grantor forfeits all rights thereto, and the same shall thenceforth be the absolute property of said city."

The cases cited by the defendants do not support their view.

In *Rich* v. *Zeilsdorff*, 22 Wis. 544, the clause in the deed reserved the *right* to cut timber for two years, and this was held not to carry the timber, but only the right to cut the timber; the opinion being based upon the fact that the deed did not except a portion of the estate *in esse* from the original grant, but created something new, namely, the right to cut timber. The court adopted the following distinction:

"A reservation is a clause in a deed whereby the grantor doth reserve some *new thing* to himself out of that which he granted before. This doth differ from an exception, which is ever a part of the thing granted, and a thing *in esse* at the time." Shep. Touch. 80.

The case of *Judevine* v. *Goodrich*, 35 Vt. 19, decided that a reservation in a deed of buildings and stone upon the land reserves no title in the grantor to the property if not removed within the specified time.

· In *Perkins* v. *Stockwell*, 131 Mass. 529, the right to the pine trees and timber mentioned in the deed was lost by the failure to conform to the terms of the reservation.

In the deed to the city of Boston the intent is apparent, and it is clear from the language used that the buildings, as a part of the estate *in esse*, are excepted from the grant. They did not pass to the grantee, but remained the property of the grantor, subject to forfeiture if not removed before a certain time.

In *Sanborn* v. *Hoyt*, 24 Me. 118, where a tract of land was conveyed, "excepting and reserving all the buildings on said premises," the court held that the land passed to the grantees, but that the buildings remained the property of the grantors.

· Again, the defendants claim that the rule of damages to be adopted should be the value of the buildings for the purpose of removal, rather than their actual value. The plaintiff cites the case of *Laurent* v. *Chatham Fire Ins. Co.* Hall, 41, to the contrary. To our mind the reasoning of the court in that case is satisfactory and conclusive. The true measure of damages is the real value of the property, and not its relative value to the assured; consequently the amount recoverable in this case is the real value of the buildings at the time of the fire, and not their relative value to the assured for the purpose of removal.

Motion for a new trial denied.