CROSBIE ET AL V. THE CHICAGO, IOWA & DAKOTA RAILWAY
COMPANY ET AL.

1. **Railroads**: RIGHT OF WAY DEED: COMPLIANCE WITH CONDITION OF
   ESSENTIAL.   Where plaintiffs conveyed to a railway company the right
   of way over their land, in consideration of the location and construction
   of a line of railway along a contemplated line, *held* that the grantee of
   said company could not, by virtue of such conveyance, use such right of
   way for a line of railway which did not conform in substance to such
   contemplated line, but which ran in a different direction.

### *Appeal from Hardin Circuit Court.*

### THURSDAY, DECEMBER 6.

THIS is an action to recover of the defendants damages for
occupying the plaintiffs' premises by the defendant's line of
railway.   The court sustained a demurrer to the plaintiffs'
reply, and rendered judgment for the defendants.   The plaint-
iffs appeal.   The facts are stated in the opinion.

*Brown & Carney*, for appellants.

*John Porter*, for appellees.

DAY, CH. J.—On the 4th day of October, 1882, the plaint-
iffs filed their petition in equity, alleging that defendants had
commenced constructing their railroad over the plaintiffs'
land, and had not procured a right to enter, nor condemned
the right of way, and praying an injunction restraining de-
fendants from constructing their road over plaintiffs' land.
A writ of injunction was issued, and a motion was made to
dissolve it, whereupon it was stipulated that defendants should
execute to plaintiffs a bond in the sum of twenty-five hun-
dred dollars, conditioned to pay whatever damages might fin-
ally be awarded plaintiffs for right of way; that upon the
filing of the bond the temporary injunction should be dis-
solved, and defendants be permitted to proceed with the con-

struction of the road, and that plaintiffs might amend their petition, and make their action one at law to recover damages, reserving to defendants the right to claim under their alleged right of way deed. On the 30th day of October, 1882, the plaintiffs filed their amended petition, claiming damages in the sum of five thousand dollars. The defendants answered, alleging that on the 16th day of April, 1880, the plaintiffs executed their deed in writing, granting to the Iowa River & Eastern Railway Company, and its successors and assigns, the right to construct their railway across plaintiffs' land. A copy of the deed referred to is attached to the answer, and the material portion of it is as follows:

"In consideration of one dollar in hand paid by the Iowa River & Eastern Railway Company, and the further consideration of the benefits to be derived by the public and myself in the location, construction and operation of a line of railway in substantial conformity with the contemplated line of the Iowa River & Eastern Railway Company, do hereby sell, grant and convey to said Iowa River & Eastern Railway Company, its successors and assigns, the right of way through, over and across the land hereinafter described, to-wit: A strip or belt of land fifty feet in width on each side of the center line of said railway, whereon the same may be definitely located over and across the east half of the south east quarter of section seventeen, etc." The answer further alleges that on the 8th day of October, 1882, said Iowa River & Eastern Railway Company conveyed to the Chicago, Iowa & Dakota Railway Company, defendants, its said right of way, and all rights and privileges conveyed to it by said plaintiffs. A copy of said deed is attached to the answer, and the material portion of it is as follows. "Whereas the Iowa River & Eastern Railway Company, a corporation heretofore organized under the laws of Iowa, for the purpose of constructing a line of railway as provided by its article of incorporation, * * * * and whereas, at a meeting of the stockholders and of the directors of said Iowa River & Eastern

Railway Company, held on the 11th day of July, A. D. 1882, a resolution was duly adopted, authorizing and directing proper conveyances to be made of all and singular all right of way and other property then owned and held, or to which it had any right or interest, to the Chicago, Iowa & Dakota Railway Company: Now, therefore, the said Iowa River & Eastern Railway Company hereby sells, assigns, grants and conveys to the said Chicago, Iowa & Dakota Railway Company, its successors and assigns, all and singular all lands, lots, easements, right of way, maps, plats, field-notes, profiles, surveys, and benefits of every kind and nature, real and personal, belonging or in any way appertaining to said Iowa River & Eastern Railway company; *provided*, however, that said Chicogo, Iowa & Dakota Railway company, its successors and assigns, should construct, maintain and operate its proposed line of railway in substantial compliance, and as near as may be practicable, upon the line contemplated by the Iowa River and Eastern Railway company."

The plaintiffs filed a reply containing, among others, the following allegations: "That prior to April 16, 1880, a corporation, known as the Iowa River & Eastern Railway Company, had formed a preliminary organization to construct a railway from Eldora southeasterly to some railroad having an easterly connection, making Eldora and Iowa Falls points by its charter. That said Iowa River & Eastern Railway Company did not construct said railroad, or do more than to partially survey their route and procure a few right of way deeds. That afterward this defendant was organized and incorporated, and, by their charter, Iowa Falls is not made a point, nor does it run in the same direction as the line of the Iowa River & Eastern Railway Company, nor are they the lessees, purchasers or assignees of the Iowa River & Eastern Railway Company, but an independent company, having an independent line from that of said Iowa River & Eastern Railway Company. The defendants demurred to this reply, and the demurrer was sustained. It is to be observed that the plaintiffs'

deed of right of way to the Iowa River & Eastern Railway Company is upon consideration of the benefits to be derived in the location, construction and operation of a line of railway in substantial conformity with the contemplated line of the Iowa River & Eastern Railway Company. The conveyance from the Iowa River & Eastern Railway Company to the Chicago, Iowa & Dakota Railway Company is upon the proviso that the said Chicago, Iowa & Dakota Railway Company shall construct, maintain and operate its proposed line of railway in substantial compliance, and as near as may be practicable, upon the line contemplated by the Iowa River & Eastern Railway Company. A compliance with these conditions is certainly essential to the right of defendant to claim the right of way under the deed of plaintiffs in question. The reply, however, alleges that the defendant has an independent line from that of the Iowa River & Eastern Railway Company, and one which does not run in the same direction. Surely, an independent line, running in a different direction, is not one in substantial conformity with the contemplated line of the Iowa River & Eastern Railway Company. The defendants insist in argument that the line is constructed upon the contemplated line of the Iowa River & Eastern Railway Company. But the reply alleges that the road in question is not so constructed, and, for the purpose of this appeal, the demurrer admits the truth of the allegations in the reply. The court erred in sustaining the demurrer.

REVERSED.