## FERNOW v. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

**Railroads: RIGHT OF WAY: ABANDONMENT: TRESPASS BY RE-ENTRY.** Under section 1260 of the Code, where a railroad company takes up its track from its fenced right of way, and the owner of the fee then removes the fences and encloses the right of way with the adjacent land, the company may, within eight years from the time of abandoning the use of the right of way, reënter the same, remove cross-fences, fence the right of way again, lay down its track thereon, and resume its use for the operation of its road, and will not by such acts be guilty of trespass. And the character of the road rebuilt and of the service thereon is immaterial, where the original grant of the right of way is not conditioned upon the character of the road and service thereon.

*Appeal from Linn District Court.* — HON. J. H. PRESTON, Judge.

FILED, OCTOBER 17, 1888.

THE plaintiff seeks by this action to recover damages for trespass upon certain real estate. There was a trial by jury. The court directed a verdict for the defendant. The plaintiff appeals.

*Rickel & Crocker*, for appellant.

*Mills & Keeler*, for appellee.

ROTHROCK, J.—On the thirty-first day of October, 1860, Solomon Fernow, who was then the owner of one hundred and sixty acres of land, by his deed, duly executed and acknowledged, granted the right of way through said land for a railroad to the Dubuque, Marion & Western Railway Company. A railroad was constructed upon said right of way; and it was operated until some time in the month of November, 1878, when the track was taken up by the defendant as the successor in interest of the Dubuque, Marion & Western Railway Company, and no trains of cars were run upon said right of way until about July or August, 1886. The right of way was fenced by the railroad company. The plaintiff became the owner of the land as an heir of Solomon Fernow, deceased, and by conveyance from his co-heirs. After the track was removed, he entered upon the land, removed the railroad fences, and built fences across the right of way. These acts were done without authority from the railroad company. In July or August, 1886, the defendant took down cross-fences, and laid down a railroad track, and run trains of cars thereon, and erected right of way fences on each side of the road. These are the acts complained of by the plaintiff in his original petition, which was filed on the twenty-eighth day of July, 1886, and within eight years after the track was taken up and removed by the defendant.

The district court appears to have been of opinion that the defendant was not a trespasser by its reëntry upon the land, because of the provisions of section 1260 of the Code, by which, if a right of way "shall not be

used or operated for a period of eight years,'' the land and the title thereto shall revert to the owner of the land from which the right of way was taken. All of the rulings upon the competency of the evidence appear to have been based upon this thought. If the theory upon which the case was tried was correct, these rulings upon the evidence are not erroneous; and, as we have reached the conclusion that the defendant was not a trespasser in reëntering upon the right of way for the purpose of constructing a railroad of some sort, no further consideration need be given to rulings upon the evidence. It is not claimed that the reëntry was for the purpose of removing earth, or making excavations not authorized by the nature of the easement, as in *Vermilya v. Chicago, M. & St. P. Ry. Co.*, 66 Iowa, 606. If there was a right of reëntry for the purpose of rebuilding the railroad, the plaintiff cannot claim that the reëntry was a trespass, and base his claim for recovery upon the character of road rebuilt, and the manner of the railway service thereon. And there is nothing in the conveyance of the right of way, in the way of condition, proviso or limitation, as to the line of road, as in *Crosbie v. Chicago, I. & D. Ry. Co.*, 62 Iowa, 189. Counsel have elaborately discussed the question of abandonment, independent of the statute above cited. It is claimed that the right to claim a forfeiture, as it existed at common law, is not taken away by the statute, but that the statute gives merely an additional remedy. We do not think the principle invoked by counsel is applicable to the question under consideration. As we understand the statute, it defines what shall be regarded as an abandonment of a right of way. It definitely fixes the rights of the parties, and under its provisions nothing less than non-user for eight years will authorize the owner of the land from which it was taken to take possession of the land; and at any time within the eight years the company owning the right of way has the right to again take up the use for which the right of way was granted; and it is very plain that the

Brockert v. The Central Iowa Ry. Co.

owner has no standing in a court of law to recover damages to his possession, for the sufficient reason that such possession was unauthorized and wrongful, and we may also say that we do not think the plaintiff's amendments to his petition gave him any standing that he did not have by virtue of his original petition.

AFFIRMED.