MARCIA A. GILL v. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

**Right of Way:** NON USER: *Reversion.* Where the only use made of a railroad right of way over plaintiff's lands is to occasionally shove an old worn-out car thereon, and allow it to stand there for months, but other portions of the right of way are used, the right of way reverts to the landowner, under a deed to the railroad company providing that the right of way shall revert to the grantor if the railroad company or its assignees cease permanently to use the road, or abandon the same; or it reverts after eight years of such nonuse, without regard to the deed, by operation of Code, section 2015, providing that a railroad right of way shall revert to the land owner if not used for a period of eight years.

**WAIVER:** *New deed given as correction.* A deed of a right of way to a railroad company, given to correct a prior deed therefor, and expressly reserving to the grantor all rights under the former deed, is not a waiver of a former abandonment of the right of way by the company.

**EVIDENCE.** Evidence is admissible in an action by a landowner to recover a right of way from a railroad company for nonuser, that the road was originally built to reach certain coal mines, which have been abandoned, and that the coal company obtained the right of way.

*Appeal from Polk District Court.*—HON. S. F. PROUTY, Judge.

FRIDAY, MAY 23, 1902.

ACTION to recover possession of land occupied by the defendant's railroad track. The plaintiff originally conveyed the right of way over her land to the defendant's grantors "for all uses and purposes connected with the construction and use of a railroad." The deed contained the following condition: "provided, however, * * * that if the said D. M. & M. R. R. Co., or its assigns, shall

at any time hereafter cease permanently to use said road so to be constructed, and the same shall be abandoned, or the route thereof changed so as not to be continued over said premises, then and in that case said land thereby granted shall revert to the said grantors." The petition is in two counts, the first alleging an abandonment under the deed; and the second, an abandonment under section 2015 of the Code. There was a trial to a jury, and a verdict and judgment for the plaintiff, from which the defendant appeals.—*Affirmed.*

*Hubbard, Dawley & Wheeler* for appellant.

*Cummins, Hewitt & Wright* for appellee.

SHERWIN, J.—The track in question is a part of a switch extending some two miles from defendant's main line running into the city of Des Moines, south, through the eastern part of the city. When the track was originally laid, coal mines were in operation at the south end thereof, and it was used almost exclusively, if not entirely so, for the shipment of coal from those mines. The mines were soon thereafter exhausted and abandoned, and, as there were no other industries in that vicinity using the road for shipping or other purposes, its use was limited, according to the defendant's testimony, to the storage of cars thereon, and the occasional passing thereover of an engine. The plaintiff contends that it was not even used for this purpose at the point in question, and the evidence touching the question of its actual use at this particular point is somewhat conflicting, though we are satisfied that the weight thereof sustains the plaintiff's contention that it was not used for legitimate railway purposes. The deed of the right of way expressly provides that if the grantee therein, or its assigns, "shall cease permanently to use said road, * * * and the same shall be abandoned, the land shall revert to the grantor. The use

therein specified must be held to mean the ordinary and customary use made of railway tracks. Indeed, the conveyance itself expressly says that it is for "any and all uses and purposes in any way connected with the construction, preservation, occupation, and enjoyment of said railroad." If the facts are (as the jury may well have found them to be from the evidence) that the defendant occasionally shoved an old, worn-out car down on to this part of its track, and left it there months at a time, for the sole and only purpose of creating a colorable use of the road, we think it clear that such use of its road was not the use contemplated in the deed of the right of way, and that the jury was warranted in finding that it had ceased permanently to use said road, and that it was abandoned for ordinary railway purposes. *Hickox v. Railway Co.*, 78 Mich. 615 (44 N. W. Rep. 143); *Indianapolis, Peru & C. R. Co., v. Hood*, 66 Ind. 580; *McClain v. Railway Co.*, 90 Iowa 646; *Mead v. Ballard*, 7 Wall, 290 (19 L. Ed. 190). The condition of the plaintiff's deed is that, if the railway company shall fail to use the road so constructed over or through her premises, the land granted for the right of way shall revert to her. It does not say that if the entire line is not so used the land shall revert. This was a condition which she had the right to impose on the defendants, and, if they have failed to observe it, the grant is void. *Collins Mfg. Co. v. Marcy*, 25 Conn. 242; *Cowell v. Colorado Springs Co.*, 100 U. S. 55 (25 L. Ed. 547).

The correction deed of September 9, 1885, was not a waiver, in our judgment, of the previous abandonment, if there was any at that time, for that deed expressly reserves to the grantor all rights under the original deed; but, if held to be a waiver up to that time, the evidence still sustains the finding of an abandonment or nonuser since it was executed.

There was no error in admitting testimony showing that the track was originally built to reach the Watters &

Garver coal mine, or in admitting testimony to show that the coal company obtained the right of way. *McClain v. Railway Co.*, *supra.*

The second count of the petition is based on section 2015 of the Code, which is as follows: "If a railway or any part thereof shall not be used or operated for a period of eight years, or if its construction having been commenced, work on the same has ceased and has not been in good faith resumed for eight years, the right of way including the roadbed, shall revert to the owner of the land over which said right of way was taken." And the issue under this count was submitted to the jury. What we have already said as to the use and operation of a railroad necessary to prevent a forfeiture applies as well to this branch of the case, and answers the contention of the defendant that this issue was improperly submitted to the jury. That the northern part of this spur track may have been used and operated as roads usually are is not decisive of the claim of the plaintiff that it was abandoned through her premises, and we think there is sufficient evidence that this part thereof was not so used or operated to take the case to the jury, and that there was no error in so submitting it. In *Fernow v. Railway Co.*, 75 Iowa, 526, it is held that nothing less than nonuser for a period of eight years will create an abandonment under the statute, and it there conclusively appears that within the eight-year period the company resumed the use of its right of way. The question of the character of such use was not in the case.

There was no error in the seventh instruction given by the court, nor in refusing the tenth asked by the defendant, for reasons which we have heretofore given. Nor was there reversible error in refusing the fifth instruction asked by the defendant. The special interrogatories asked by the defendant were properly refused, because none of them called for an ultimate fact in the case. *Morbey v. Railway Company*, 116 Iowa, 84.

The judgment is AFFIRMED.