JOHN SPENCER, Appellant, v. WABASH RAILROAD Co., Appellee.

**Conveyances:** EXCEPTIONS: ABANDONMENT OF RIGHT OF WAY: REVERSION. The grantee in a deed, which expressly excepts from the general description a definite right of way theretofore conveyed to another, does not acquire a reversionary interest in the right of way; but upon its abandonment the same reverts to his grantor, under a condition in the right of way deed that it shall so revert, notwithstanding the provision of Code Section 2015 relating to abandonment and reversion of rights of way. Weaver and McClain, J. J., dissenting.

*Appeal from Monroe District Court.*— HON. ROBERT SLOAN, Judge.

THURSDAY, OCTOBER 25, 1906.

CONDEMNATION proceedings, wherein defendant appealed to the district court from an award made by a sheriff's jury called to assess plaintiff's damages to certain property. Many pleadings were filed in the district court, and to a reply filed by plaintiff to some of defendant's answers defendant demurred. This demurrer was sustained, and, plaintiff electing to stand upon his pleadings, judgment was rendered for defendant, and plaintiff appeals.— *Affirmed.*

*Ben McCoy, Mason & Mason,* and *Fred Townsend,* for appellant.

*T. B. Perry,* for appellee.

DEEMER, J.— This is one of a series of cases, involving what is known as " abandoned rights of way," which have given us much trouble in the past, and about which we have not been entirely agreed. The case now before us, however, involves one new proposition, and to this we shall now turn our attention. In May of the year 1868 one Eleanor H. Moore was the owner of the S. E. ¼ of the S. E. ¼ of section 9, township 71, range 17, in Monroe county, Iowa, and on the 10th day of that month she executed and delivered a deed to the Iowa Central Railroad Company, as right of way, one hundred feet wide through the quarter of land above described for railway purposes only. It was expressly provided in the deed that, if the said premises are not used for said railroad purposes, " it is to revert and rest in said Eleanor H. Moore." In the year 1876 Eleanor H. Moore conveyed the quarter above described to John Spencer, Sr.; the deed containing this reservation or exception: " Excepting a strip of land 100 feet wide heretofore deeded to the Iowa Central Railroad, being the same now occupied by said company's road as located across said land." John H. Spencer, Sr., died intestate, and the widow and other heirs, save John Spencer, Jr., conveyed the land of which Spencer, Sr., died seised to John Spencer, Jr.; the deed containing this exception: " Excepting the right of way of the Chicago, Burlington & Quincy Railroad and the Centerville, Monrovia & Albia Railroad." This conveyance was made March 4, 1893. It appears that the Central Railroad of Iowa succeeded to the rights of way of the Iowa Central Railroad Company some time in the year 1870. In 1879 the Moulton & Albia Railroad Company condemned the right of way in controversy, as against the Central Railroad Company, and built a railway thereon, which it and its successor, the Chicago, Burlington & Quincy Railroad Company, used for a right of way and operated as a railway until about the year 1888, when it was abandoned by them. In the year 1897 the rails and ties were removed

from the right of way. In the year 1899 the defendant company purchased of the Chicago, Burlington & Quincy Railroad Company the right of way in question, with other rights of way through the township in which the land in controversy is situated, for the sum of $15,750, and almost immediately constructed its line thereon. Plaintiff, without refunding any money theretofore received for the right of way, and without offer to reimburse defendant for. its expenditures, commenced this proceeding by having a sheriff's jury called to assess his damages. That jury made an award, from which defendant appeals, and among the pleadings filed in the district court was a reply setting up the deeds from Moore to the Iowa Central Railroad, from Moore to Spencer, Sr., and from the widow and heirs to Spencer, Jr., and claiming title to the land through reversion, because of the abandonment of the right of way from the years 1888 to 1899. Plaintiff further pleaded that defendant took nothing by its deed from the Chicago, Burlington & Quincy Railroad, and averred that he became the owner of the right of way in the year 1893 by virtue of the conveyance to him from his mother and the other heirs of John Spencer, Sr., deceased.

Section 2015 of the Code provides, in substance, among other things, that if a railway shall not be used or operated for a period of eight years the right of way, including the roadbed, shall revert to the owner of the land from which said right of way was taken. For the purposes of the case we shall treat the right of way as abandoned by nonuser, and also concede that neither the original landowner nor his grantee need refund the compensation received for the original right of way. Indeed, these propositions are not now involved. We shall also assume that title reverted by nonuser for more than eight years to some one, and that this reversion became complete some time in the year 1896. The question is, to whom did the land revert? Plaintiff contends that as purchaser from the heirs of the owner of

the adjoining and contiguous land it reverted to him, while defendant insists that he never obtained title to the fee, and that in no event could the title revert to him, because of the provision in the deed from Eleanor H. Moore to the Iowa Central Railroad Company stipulating for reversion to her in case the property was not used for railway purposes. The exceptions in the deeds in plaintiff's chain of title have already been noticed. They are of a strip of land one hundred feet wide theretofore conveyed to the Iowa Central Railroad Company. An exception in a deed withholds from its operation some part or parcel of the thing which but for the exception would pass by the general description to the grantee. It differs from a reservation, in that the latter creates some new right issuing out of the thing granted, and which did not exist before as an independent right. Jones on Real Property, section 503, and cases cited. An exception is always of some part of the estate not granted at all. An exception from the thing granted is also quite different from an exception in the covenants of warranty. In one case nothing is granted, and in the other the entire estate is granted, but by the covenant of warranty there is an exception which operates upon the warranty, and not upon the estate granted. The exception was of a strip of land theretofore conveyed to the Iowa Central Railroad Company. This is definite and certain, and under the facts cannot be treated simply as an attempt to limit the covenants of warranty. *Kuhn v. Farnsworth,* 69 Me. 404; *Munn v. Worrall,* 53 N. Y. 44 (13 Am. Rep. 470); *Umscheid v. Scholz,* 84 Tex. 265 (16 S. W. 1065); *Rushton v. Hallett,* 8 Utah, 277 (30 Pac. 1014). The cases above cited are directly in point, and to our minds controlling upon the proposition here involved.

II. But there is another reason why plaintiff cannot recover. The land was not originally condemned for railway purposes. It was acquired by deed from Eleanor H. Moore, and in that deed we find the following: " With the

express condition that, if said premises is not user for said railroad purposes, it is to revert and rest in said Eleanor H. Moore." It was perfectly competent for the parties to thus contract, and, having so agreed, the statute to which we have referred could not operate to prevent the reversion so agreed upon. Notwithstanding the statute, the parties may contract as they will about rights of way, and when they have so contracted courts must give force and effect thereto. That the parties may contract as they will about rights of way, see *Barlow v. Railroad,* 29 Iowa, 276; *Noll v. Dubuque,* 32 Iowa, 66; *McClain v. C., R. I. & P. R. R. Co.,* 90 Iowa, 646; *Gill v. C. & N. W. R. R. Co.,* 117 Iowa, 278. Both plaintiff and defendant are bound by the terms of this deed, for plaintiff took his title with the right of way reserved, and defendants are successors of the Iowa Central Company. Moreover, the deed containing this agreement was duly recorded, thus giving the world notice of the conditions of the grant to the Iowa Central Company.

As the parties stipulated for a reversion to the grantor in case of nonuser or abandonment, we have no occasion to inquire as to the effect of the statutory reversion. Upon the latter proposition the members of this court are not agreed. The conduct of Eleanor H. Moore in excepting the strip of land deeded to the Iowa Central Railroad from her deed to Spencer, and of the Spencer heirs in making a like exception, is entirely consistent with the construction we have placed on the deed to the railroad company, and adds strength to the thought that these exceptions were, what they purport to be, of something from the estate granted, and that something was of the reversion provided for in the deed to the railroad company. In the face of the provision in the deed to the railway company to the effect that in case of nonuser the title should revert and rest in Eleanor H. Moore, we are not justified, especially in view of the exceptions contained in the deeds in plaintiff's chain of title, in saying that upon abandonment of title vested in plaintiff under

his deed of March 4, 1893. The statute quoted manifestly does not apply to such a case. To hold that it does would be to take away from every one the right to make contracts with railway companies relating to reversion for nonuser of rights of way. We have many times held that the statute does not apply to nor prevent persons from making such contracts as they see fit. Plaintiff is undoubtedly a stranger to the right of way. He has never held title thereto, because it was excepted from his deeds. Not only the use of the right of way, but the very land itself, was excepted from his grant. This view finds full support in *Lewis v. Lewis,* 114 Iowa, 399; *Watkins v. Railroad,* 123 Iowa, 390.

Our conclusion upon the whole case is that the demurrer to the reply was rightly sustained, and that the judgment should be, and it is, *affirmed.*

WEAVER, J. (dissenting).— 1. Eleanor H. Moore conveyed to the railroad company a right of way for its road across her land. The reversion clause in the deed gave it no other or greater effect than it would have had were that clause entirely omitted, for the conveyance was expressly made for a specific use and purpose, and an abandonment of that use and purpose by the grantee would of necessity work the extinguishment of the right so conveyed and leave the title to the entire tract in the grantor, her heirs or assigns, unincumbered by the claims of the railway company. While this right of way was still unimpaired in the company, Mrs. Moore conveyed the entire tract to Spencer, "excepting a strip of land heretofore deeded to the Iowa Central Railroad." What was it she had deeded to the railroad company? Not the fee to the strip, but the right of way only, and this and nothing more is what she excepted from the second conveyance. It seems to me a palpable perversion of the clear meaning of the language of her deed to Spencer to say that she intended to or did in fact except from its terms the fee underlying the right of way. She says in sub-

stantially so many words that she excepted from this latter deed just what she had conveyed away by the first deed, and, as she had conveyed in the first nothing but the right of way, her second deed vested in Spencer all the right and title which then remained in her. It follows that, when the right of way was lost or removed by abandonment, it inured to the benefit of her grantor.

II.   Furthermore, our statute (Code, section 2015) provides that upon abandonment for eight years of a railroad right of way the land shall revert to the owner of the tract from which it was taken.   This we have expressly held must be interpreted in favor of the person who owns the tract at the time the abandonment becomes complete, and not the person who may have owned such tract at the time the right of way was taken.   *Smith v. Hall,* 103 Iowa, 95. We also said in the same case that as the right of way was taken for further use, and the fee remaining in the grantor was nominal only, it was entirely " competent for the Legislature to say to whom the land occupied and used by a railroad company shall revert when abandoned." That decision was concurred in by the entire court, including at least two of its present membership.   If it was good law then, it is good now.   Indeed, there is no suggestion in the opinion of any purpose to discredit or overrule that precedent.   If we were correct in saying that the Legislature can control the direction in which ownership of the right of way shall pass on its abandonment, and if, as we there held, the owners of land under a deed which simply describes the granted tract as bordering on the right of way are entitled to the benefit of the reversion which takes place when that right of way is abandoned, then most certainly the holding of the district court in the present case was erroneous and should be reversed.   If Smith v. Hall, *supra,* and *Remey v. Railroad Co.,* 116 Iowa, 133, and the half dozen other cases which have adhered to the rule of these cases, are to be overruled, let us do it frankly and unequivocally.   To hand down the

majority opinion as it now stands is only to add confusion and uncertainty to the situation and breed an endless amount of litigation. Much of the discussion contained in the dissenting opinion in *Walkin's case,* 123 Iowa, 403, is applicable here, and I simply refer to it, without taking the time to restate the propositions there relied upon.

I think the decree appealed from should be *reversed.*

McCLAIN, C. J., concurs in the dissent.