[L. A. No. 2241. Department Two.—August 14, 1909.]

## CHARLES LANGE, Appellant, v. W. B. WATERS, HATTIE WATERS, AND ERNA LANGE, Respondents.

APPEAL FROM JUDGMENT—FINDINGS OF FACT—CONCLUSIONS OF LAW.—On an appeal from a judgment, mere conclusions of law, no matter how erroneous, constitute no ground of reversal, if the judgment be in fact supported by the findings.

ID.—FINDINGS MISPLACED WITH CONCLUSIONS OF LAW.—Findings which are properly findings of fact are to be construed as such, although they are erroneously called and misplaced among the conclusions of law.

ID.—CONTRACT FOR SALE OF LAND—UNCERTAINTY OF DESCRIPTION.—In an action by a vendee to recover damages to breach of a contract for the sale of land, findings inserted among the so-called conclusions of law that the contract was incapable of enforcement on account of the uncertainty in the description of the land intended to be conveyed, should be construed as findings of fact.

ID.—SUFFICIENCY OF DESCRIPTION IN CONTRACT—PAROL EVIDENCE TO DEFINE.—In determining the sufficiency of the description in a contract for the sale of land, much greater liberality is allowed than in construing the description in a deed, and the certainty required in deeds is not essential where even by parol evidence the property in contemplation of the parties to be conveyed can be definitely ascertained.

ID.—RESERVATION CONSTRUED AS EXCEPTION.—A so-called "reservation" of one acre from the tract of land contracted to be sold is an exception, and is to be construed strictly against the vendor.

ID.—UNCERTAINTY IN EXCEPTION—CONTRACT NOT VOID.—Uncertainty in the description of an attempted exception from the land contracted to be sold does not render the contract void and incapable of enforcement. The exception only fails.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Swaffield & Hoodenpyl, and Denio & Monk, for Appellant.

Tom C. Thornton, and T. R. Archer, for Respondents, W. B. and Hattie Waters.

O. P. Widaman, for Respondent Erna Lange.

HENSHAW, J.—Plaintiff sued to recover damages from defendants for their breach of contract for the sale of realty. The defendants set up mutual mistake in the drawing of the contract, and that it was understood and agreed between the parties that, notwithstanding the language of the contract, it remained discretionary with the defendants whether or not they would convey the land. They further alleged that the contract was void for uncertainty. The court found against the defendants upon all questions saving that of the uncertainty of the contract. In this particular it found, "that the plaintiff, Charles Lange, complied and offered to comply and was at all times able, ready and willing to comply with all the terms and conditions of the said contract on his part, but that the defendants W. B. Waters and Hattie Waters wrongfully and arbitrarily refused to comply with the said contract on their part and to deed to the plaintiff the nineteen acres of land agreed by them to be sold to him on the terms and conditions herein mentioned and described and set out in the said complaint, and that had said contract between plaintiff and defendants been certain in the description of the land therein mentioned, by reason of said refusal to comply with the said contract, the said plaintiff, Charles Lange, would have been injured and damaged in the sum of ($1700.00) seventeen hundred dollars." Then, as conclusions of law, so termed, the court proceeded:—

"1. That but for the uncertainty in said contract, to wit, the uncertainty of the description of the property mentioned therein, by reason of the reservation of the one acre of ground where the house stands, leaving the contract uncertain as to the nineteen acres agreed to be deeded by the defendants W. B. Waters and Hattie Waters to the plaintiff Charles Lange, that the said Charles Lange would be entitled to have and recover from the defendants W. B. Waters and Hattie Waters, the sum of $100.00 paid to them as herein found at the time of the making of the said contract and $1600.00 damages, to wit, would be entitled to recover the sum of $1700.00. . . .

"3. The court finds that the contract set out in plaintiff's complaint is so uncertain as to the property agreed to be deeded by defendants W. B. Waters and Hattie Waters to the plaintiff, that the said contract cannot be enforced, and

that the plaintiff, Charles Lange, has no right to recover the damages which would have been suffered by him by reason of the refusal of the defendants W. B. Waters and Hattie Waters to comply with the said contract as herein found had said contract been certain in the description of said land; and the court finds that by reason of the said uncertainty in said contract, and for no other reason, that the plaintiff's complaint fails to state a cause of action for damages and for said reason and no other reason the said plaintiff Charles Lange is not entitled to a judgment for damages against the defendants W. B. Waters and Hattie Waters in the sum in these findings mentioned."

Plaintiff appeals from the judgment and upon his appeal attacks the declarations of the court contained in the so-called conclusions of law, numbers 1 and 3 above quoted. Respondent makes answer that the appeal is without merit because conclusions of law, no matter how erroneous, constitute no ground of reversal if the judgment be in fact supported by the findings. (*Spencer* v. *Duncan,* 107 Cal. 423, [40 Pac. 459].) This proposition of respondents is sound, but the gist of appellant's attack is not that the conclusions of law are erroneous, but that the conclusions of law are essentially misplaced findings of fact, (See *Savings & Loan Society* v. *Burnett,* 106 Cal. 514-538, [39 Pac. 922]), and that, treating them as findings of fact, the judgment based upon them is erroneous. To the better understanding of this proposition it becomes pertinent to set forth such part of the contract as it will be necessary to consider in the discussion to follow. The contract admittedly was somewhat inartificially drawn by the parties to it who were not learned in the law. Agreeing to sell a tract containing twenty acres, sufficiently described in the contract, the agreement continues, "I reserve all improvements and one acre of ground inclusive of streets and five-foot alley on the south where the house now stands, but he is to have the engine and pump with the shed with me the privilege of using it until arrangements can be made for water." This, it is to be remembered, is a contract for the sale of land and not a deed of grant of the land, and much greater liberality is allowed in construing the descriptions contained in such contracts. The certainty required in deeds is not essential where even by parol evidence the property, in

contemplation of the parties, to be conveyed can be definitely ascertained. (*Lick* v. *O'Donnell*, 3 Cal. 63, [58 Am. Dec. 383]; *Stanley* v. *Green*, 12 Cal. 162; *Marriner* v. *Dennison*, 78 Cal. 202, [20 Pac. 386].) And even in the case of deeds the ancient strictness of the rule is not adhered to. (*Fudickar* v. *East Riverside Irr. Dist.*, 109 Cal. 29, [41 Pac. 1024].) It would seem that in a contract such as this where the so-called "reservation" (which, of course, is in strictness an exception) is not a floating acre, but is located and anchored as being an acre "on the south where the house now stands" and is further bounded with some certainty as fronting on the streets and a five-foot alley, the land could with the aid of parol evidence, be located with sufficient definiteness. But as against this, it must be conceded, since this finding is not attacked, and since it declares that the exception is too indefinite for location, that the court, after taking all appropriate evidence, was unable to delimit the excepted one acre. Here then, the so-called conclusions of law of the court are, as we have said, but findings of fact. The court in the first so-called conclusion of law finds as a fact that the description of the excepted one acre is uncertain. It finds further as a fact that, because of the uncertainty of the description of the excepted one acre the contract is made uncertain as to the nineteen acres agreed to be conveyed. The second fact is drawn as a deduction from the first fact found,—namely, the uncertainty of the description of the excepted one acre. The court concludes that by reason of this uncertainty and the consequences which flow from it as expressed in the finding of the second fact, and for no other reason, plaintiff must fail. If, in declaring the second fact that the nineteen acres to be conveyed became uncertain because of the uncertainty of the description of the excepted one acre, the court misconstrued and misapplied the law; if, in other words, it did not follow that it was a fact that the description of the nineteen acres sought to be conveyed must fail because of the indefiniteness of the description of the excepted one acre, then the judgment is not supported by the findings and must be reversed. The legal proposition is precisely this: Under the circumstances above indicated, where the exception in a grant or contract of sale is void for uncertainty, does the grant fall with the exception or is it the exception alone which is invalid

CLVI Cal.—10

and void? If it be the former then the judgment of the court was clearly right. If it be the latter, it was clearly wrong.

By the terms of the contract there was to be conveyed as the court finds "lots (12) twelve and (13) thirteen in block (21) twenty-one of California Co-operative Colony Tract, as per map recorded in book 21, pages 15-16 miscellaneous records of Los Angeles County, California" containing twenty acres. From the conveyance of this whole tract there was to be excepted one acre of land, the location of which was incompletely described. That, while termed a "reservation," this acre of land was in fact an exception is, of course, beyond dispute. "An exception is always a part of a thing granted and of a thing in being; and a reservation is a thing not in being, but is newly created out of lands and tenements devised, though the terms are often used promiscuously and a reservation is construed an exception if it will fall within that definition and if such was the design of the parties." (*State* v. *Wilson*, 42 Me. 9; *Barnes* v. *Burt*, 38 Conn. 541; *Washington Mills etc.* v. *Commercial Fire Ins. Co.*, 13 Fed. 646; *Spencer* v. *Wabash R. Co.*, 132 Iowa, 129, [109 N. W. 453]; *Edwards* v. *Brusha*, 18 Okla. 234, [90 Pac. 727].) An exception in a private conveyance is to be construed strictly against the grantor. (*Dureyea* v. *City of New York*, 62 N. Y. 592; *Klear* v. *Ridgway*, 86 Pa. St. 529.) Clearly, under this contract and the findings of the court, the description of the land to be conveyed by the contract is in no way uncertain as it is the whole of the twenty-acre tract. The excepted acre alone, the court finds, is insufficiently described. What legal result follows therefrom? The cases are numerous in answer. In accordance with the doctrine that an exception in such a deed is to be construed strictly against the grantor, the exception will fail and not the grant. So we find it declared that "the invalidity of an attempted reservation for uncertainty does not necessarily vitiate the grant." (*Baldwin* v. *Winslow*, 2 Minn. 213.) "Ambiguity of description of land excepted from a conveyance does not make the conveyance void for uncertainty." (*McAllister* v. *Honea*, 71 Miss. 256, [14 South. 264].) "Where there is a description in a deed followed by an exception which is uncertain, the exception may be void for uncertainty, but the description will

stand." (*Torrey* v. *Thayer,* 37 N. J. L. 339.) "The granting part of a deed is not avoided by a defect in the exception; but the exception itself becomes ineffectual thereby, and the grant remains in force." (*Waugh* v. *Richardson,* 30 N. C. 470.) To like effect may be cited: *Welch* v. *Steamer Genevieve,* 1 Dillon, 130, [Fed. Cas. No. 17372]; *Mooney* v. *Cooledge,* 30 Ark. 640; *Winslow* v. *Patten,* 34 Me. 25; *Loyd* v. *Oates,* 143 Ala. 231, [111 Am. St. Rep. 39, 38 South. 1022]; *Bromberg* v. *Smee,* 130 Ala. 601, [30 South. 483]; *Nunnery* v. *Ford* (Miss.), 45 South. 722; *Darling* v. *Crowe,* 6 N. H. 421.)

Thus, in *Darling* v. *Crowe,* 6 N. H. 421, where in a grant of land there was an exception of one acre and a half reserved for the use of flowing water for a mill without location of the land, the exception was held void for uncertainty. And in *Mooney* v. *Cooledge,* 30 Ark. 640, where there was excepted out of the conveyance one acre of land and there was nothing in the exception or evidence to locate it upon any particular part of the tract, the exception was held void for uncertainty and the grantee took the entire tract.

Respondents' brief upon appeal combats none of these legal propositions, but rests entirely upon the technical objection, heretofore discussed and disposed of, that appellant is attacking the sufficiency of the conclusions of law to support the judgment and not the sufficiency of the findings of fact. In this, as has been shown, respondents are in error.

Upon the findings the judgment is reversed with directions to the trial court to enter judgment in favor of plaintiff in the amount which the court found would have been due saving for the indefiniteness of the contract.

Melvin, J., and Lorigan, J., concurred.