[No. 3,955.]

# PIO PICO *v.* J. H. COLEMAN, CARLOS OLVERA, AND MARIA MARTINEZ.

DEED.—RULE OF CONSTRUCTION.—In construing a deed, all its parts must be consulted, and it must be read in the light of surrounding circumstances, and the intention the parties arrived at in this way.

APPEAL from the District Court of the Seventeenth Judicial District, Los Angeles County.

The action was brought to quiet title to a tract of land known as the Rancho Paso de Bartolo or Ranchito containing 8,000 acres, and for the construction, or, if necessary, the reformation of a deed. The deed, which is in Spanish, and is dated May 5th, 1855, recites a consideration of one dollar, and as translated, contains the following language: "I, Pio Pico, * * contract, cede, sell and convey to Maria Martinez, her heirs and successors forever, a piece or tract of land that contains, from east to west, 865 varas, and from north to south 294, situate to the north of my principal residence and habitation; which land that I cede, I sell and convey with (cayo terrene que cede, vendo y evangeno, con el derecho) the right, title and interest, claim or demand that * * * I have * * * in and to all that tract of land * * * known by the name of Paso de Bertolo and San Rafael," etc. The Court found that at the date of the deed the grantee was living on the land described by varas; that the deed was made in pursuance of a verbal agreement for the conveyance of that tract only; that after receiving the deed, and prior to 1865, she enclosed the tract of 865 varas by 294 varas, claiming it to be the only land conveyed to her; that in 1868 Pico, with the knowledge of Martinez, had the tract surveyed, claiming it to be the only land conveyed by the deed; that Martinez never at any time set up any claim to any lands outside the tract; that the plaintiff has constantly resided on the rancho, cultivating it and herding stock upon it without interruption; that on the 8th of February, 1870, Martinez executed a deed to defendants Coleman and Olvera, "conveying the

entire ranchito, the premises in controversy, for the consideration of $2,000;" that the rancho in 1855 was worth from $50,000 to $80,000; that the agent of Martinez informed Olvera that he was selling the land described in the deed from Pico, the tract of 865 varas by 294 varas; and that the plaintiff has had the actual, continued and exclusive possession of the ranchito, except the tract described, down to the commencement of this action.    As conclusions of law, the Court found that the deed to Martinez conveyed to her the whole rancho; that an action to correct any mistake in deed is barred by the statute of limitations, and that under the statute (Hittell, 4,355), "by the statute of limitations, the plaintiff is the owner of all the lands on said ranchito, which, for a period of five years next prior to the bringing of this action, were protected by a substantial inclosure, or were usually cultivated or improved by him or his tenants, and as to so much of the rancho, plaintiff is entitled to maintain this action, to-wit: amounting to some 1,800 acres."   Judgment was rendered that the plaintiff's title be quieted accordingly.    The plaintiff moved for a new trial, which was denied.    He also moved for judgment in accordance with the prayer of the complaint, and the motion having been refused he appealed from the judgment and from the orders denying his motions.

*Glassell, Chapman* and *Smith,* for Appellant, argued that the deed from Pico to Martinez was intended to convey only the tract described by varas, and that it was so understood by the parties, and acted upon by them for a long term of years.    They cited *Moore* v. *Magrath,* 1 Cowper 9, and *Thorpe* v. *Thorpe,* 1 Lord Raymond 235, and Civil Code, Sec. 1647.    They also argued that the construction of the deed by the parties was conclusive, and cited *Sneed* v. *Osborne,* 25 Cal. 619; *Hastings* v. *Stark,* 36 Cal. 122; *Ratcliff* v. *Grey,* 40 N. Y. 510; *Rochelle* v. *Adam,* 7 Cowen 761, and S. C. 6 Wend. 470.

*Volney E. Howard & Sons, John Currey, Kewen & Howard* and *Henry E. Highton,* for Respondents, contended that the

deed conveyed the whole rancho, and cited *Hawley* v. *Brummagim*, 33 Cal. 398; *Fratt* v. *Woodward*, 32 Cal. 229, and *Walsh* v. *Hill*, 38 Cal. 487.

By the COURT:

In construing the deed from the plaintiff to Maria Martinez, all its parts must be consulted, and it must be read in the light of the surrounding circumstances. Tested by these rules, we do not entertain the slightest doubt that it was intended by both parties to the instrument to convey only the tract " containing from east to west eight hundred and sixty-five (865) varas, and from north to south two hundred and ninety-four (294) varas," and that it was not intended to include, and does not include, the remainder of the rancho. The parties have themselves so construed the deed by their subsequent acts, and there is no reasonable ground to doubt that this is the correct interpretation of it.

Judgment reversed and cause remanded with an order to the court below to enter judgment for the plaintiff on the findings.