[Sac. No. 1514.  In Bank—March 26, 1909.]

## JOHN T. LONG et al., Respondents, v. CRAMER MEAT AND PACKING COMPANY, Appellants.

APPEAL FROM JUDGMENT—REVIEW OF EVIDENCE.—The evidence cannot be reviewed on an appeal from a judgment, unless the appeal be taken within the time limited by the code for that purpose.

ID.—FINDINGS—JUDGMENT—CREATION OF RIGHT BY WRITTEN INSTRUMENT.—Where a grant or deed is necessary to the creation of a right affecting certain land, and the court finds such right to exist, the findings to support the judgment cannot be construed as declaring the creation of the right under such a written instrument, when all the evidence tending to establish the right shows that it was founded on promises and agreements resting wholly in parol, and antedating the acquisition of the title to the land.

ID.—PAROL AGREEMENT NOT TO HERD SHEEP ON LAND—COVENANT RUNNING WITH LAND.—A parol agreement entered into between persons who subsequently became tenants in common of land, that they would not herd or graze sheep thereon, which was not evidenced by any writing nor embodied in any grant of the land, cannot be considered as a covenant running with the land. It was not for the direct benefit of the property, but was a restriction and limitation upon its use, and therefore neither in its creation nor in its purpose did it conform to the requirements of the law as to covenants running with the land.

ID.—PERSONAL COVENANT—ENFORCEMENT AGAINST COVENANTOR'S GRANTEE.—Such an agreement cannot be considered as a personal

covenant binding upon the grantee of one of the tenants in common, which equity will enforce. While equity will enforce against the covenantor's grantee a personal covenant imposing restrictions upon the use of land contained in the grant thereof, it will not do so where the restriction is sought to be created by parol. The same rule would apply if the parol agreement attempted to create some servitude.

ID.—AGREEMENT NOT TO BE PERFORMED WITHIN ONE YEAR—STATUTE OF FRAUDS.—Such parol agreement, if not limited in the period of its operation to one year, would do violence to the statute of frauds, and could not have been specifically enforceable even against the original parties to it, and cannot be enforced against a grantee of one of such parties.

APPEAL from a judgment of the Superior Court of Lassen County. F. A. Kelley, Judge.

The facts are stated in the opinion of the court.

Pardee & Pardee, and Park Henshaw, for Appellants.

N. J. Barry, for Respondents.

HENSHAW, J.—This appeal is from the judgment. A review of the evidence is sought, but such review cannot be had, as the appeal was not taken within the time limited by the code for such purpose. (*Wood* v. *Etiwanda Water Co.,* 122 Cal. 152, [54 Pac. 726].) The right of appellant, therefore, is limited to a review of the rulings of the court and to a consideration of the question whether the judgment is supported by the findings.

The action was for an injunction and for damages ancillary thereto. The court decreed to plaintiffs an injunction and damages in the sum of three hundred and fifty dollars. The litigation arose out of the following matters, as disclosed by the pleadings and findings: The predecessors in interest of the plaintiffs and the predecessor in interest of the defendant joined as tenants in common in the purchase of certain detached parcels of land in the county of Lassen. It is found that "Charles Cramer (predecessor in interest of defendant) represented to said parties and to each of them (the predecessors in interest of the plaintiffs) that by purchasing said lands they could control the waters thereon, and thereby protect and secure for themselves the use and benefit of the ·

surrounding ranges for their own herds of horses and cattle; and particularly that they could thereby prevent sheep from grazing upon said ranges; and that the said Charles Cramer then and there agreed to and with said parties and promised that if they would assist in the purchase of said lands and would purchase the same in common with himself, that the same should and would always be used for the purpose of grazing, ranging and pasturing and watering the horses and cattle of the respective parties, and their successors, and for no other purpose, and that under no circumstances would any sheep ever be allowed to range, graze, pasture or water upon said lands or any part thereof so far as the same could be prevented by said Charles Cramer." It is found, "that said purchase was made by said parties solely upon the aforesaid inducements, solicitations, representations and promises of the said Charles Cramer and for no other reason or purpose, and said parties would not have advanced money to make such purchases and would not have purchased said lands in common with said Charles Cramer but for such solicitations, representations, inducements and promises of said Charles Cramer; and except for the belief that they could thereby control the waters of said springs and streams and could thereby secure the surrounding ranges for the use and benefit of their own horses and cattle and could thereby protect said ranges from and keep out sheep; and except for the earnest belief that the said Charles Cramer would, so far as lay within his power, honestly and conscientiously assist said parties and their successors in interest in keeping out sheep and in securing the use and benefit of said ranges solely for the horses and cattle of said parties and their successors in interest." Then follow findings in accordance with the allegations of the complaint, that the defendant acquired title to its lands with notice and knowledge of these "facts, circumstances, representations, promises and agreements surrounding and connected with the original purchase of the lands;" that plaintiffs leased their holdings from the original tenants in common "with knowledge of and reliance upon the aforesaid agreements and promises of said Charles Cramer;" that defendant is ranging, herding, and grazing sheep upon the lands in violation of the promise and agreement of Cramer, and to plaintiffs' injury in the sum of three hundred and fifty dollars, and defendant

threatens to continue so to range, raise, herd, and water its sheep.

In support of this judgment we are asked to hold that the agreement found by the court in the language above expressed, is a covenant running with the land, or is a personal covenant affecting the land, made by Charles Cramer, and enforceable by the lessees of the covenantees against the grantee of the covenantor, or that by the agreement some servitude was imposed upon the land for the plaintiffs' benefit, which they may enforce. In this connection it is said that if a grant or deed be necessary to the establishment of any of these theories, the findings, to support the judgment, will be construed as declaring the creation of the right under such a written instrument.
· Touching upon the last proposition first, the insuperable objection to it is found in the fact that all of the evidence tending to establish the promise and agreement shows that such agreement rested wholly in parol, and antedated the acquisition of the title by the original tenants in common. If, therefore, a writing was necessary to the establishment of these covenants, real or personal, or to the creation of the servitude, the evidence was inadmissible and the judgment must therefore be reversed. Respondents must rest therefore upon the facts as unquestionably they exist,—namely, that the predecessors in interest of plaintiffs and defendant, before they acquired their lands, had a parol understanding and agreement amongst themselves that they would not herd or graze sheep thereon. No writing evidenced this agreement, nor was it limited in the period of its operation to one year. In the language of respondents' brief, "the agreement was to go right along indefinitely, no time was fixed for its termination."

That the agreement thus found may not for a moment be considered as a covenant running with the land, is too plain to call for extended discussion. The obligation was not contained in a grant of an estate, nor in any other writing. It was not for the direct benefit of the property, but was a restriction and limitation upon its use. Therefore neither in its creation nor in its purpose does it conform to the law. (Civ. Code, secs. 1460, 1461, 1462.) As insuperable are the objections to considering the agreement a personal covenant binding upon the grantee. While attempting to impose a restriction upon the use of land, it is not created by deed, and if it

were, it does not by its language attempt to bind the assigns or grantees of the covenantor. While it is true that, in a proper case, equity will enforce against the covenantor's grantee, a personal covenant imposing restrictions upon the use of land contained in the grant thereof (*Los Angeles etc. Co.* v. *Muir,* 136 Cal. 36, [68 Pac. 308] ; Cyc., p. 1078), yet equity will do so only in a proper case, and would certainly withhold its hand where such a restriction is not imposed by grant, but is sought to be created by parol. The same is true of the attempt to erect out of this agreement some servitude.

It is manifest, therefore, that the agreement, while pertaining to the use of land, could not, from its nature, bind the land. It was an oral understanding by which the tenants in common agreed that they would not use their lands for the grazing and watering of sheep. From its nature it was not to be performed within a year, and, resting wholly in parol, did violence to the statute of frauds, and would not have been specifically enforceable even against the original parties to it. (Civ. Code, sec. 1624, subd. 1; *McKeany* v. *Black,* 117 Cal. 587, [49 Pac. 710].) But, aside from the consideration of the redress which one cotenant might have against another original party to the agreement, it is beyond peradventure that the restriction upon the use of the land, under the circumstances above set forth, may not be enforced against the grantee of such original cotenant.

The court erred, therefore, in admitting evidence which established that the agreement rested wholly in parol, and as its findings and judgment are necessarily based upon this evidence, the judgment is reversed and the cause remanded.

Shaw, J., Angellotti, J., Sloss, J., Melvin, J., and Lorigan, J., concurred.