[Civ. No. 2232.    Third Appellate District.—February 3, 1921.]

CALIFORNIA PACKING CORPORATION, Appellant, v. M. F. GROVE et al., Respondents.

[1] SALES—PROVISION IN CONTRACT FOR SALE OF CROPS—COVENANT NOT RUNNING WITH LAND.—A provision in a contract for the sale of peach crops that the covenants therein contained shall run with the land therein described and shall bind the parties and their assigns does not constitute a covenant running with the land, since only those covenants that are made for the direct benefit of the property and are contained in a grant of the property run with the land.

[2] ID.—SALE OF LAND—CONTINUING OBLIGATION OF SELLER OF CROPS. A seller of peach crops under a contract providing that the covenants therein contained shall run with the land is not by such re-

1. What are covenants running with the land, note, 56 **Am. Rep.** 151.

cital alone released from the obligations of the contract upon a sale of the land.

[3] ID.—DESCRIPTION OF LAND—SUFFICIENCY.—A written contract for the sale of peach crops which describes the property upon which the peaches were being grown as "the following orchards and lands leased or owned by the seller in the County of ——, State of California, to wit: Located ¾ miles southeast of Visalia," and which subsequently recites, "Acres 10, Present age, 6, Varieties of fruit, Tuscan peaches. Acres 10, Present age 6, Varieties of fruit, Phillips peaches," is not so defective in description as to invalidate the contract, or to prevent it from being made the foundation of a personal liability on the part of the seller.

[4] CONTRACT — DESCRIPTION OF LAND — CONSTRUCTION OF PARTIES. — While a contract is entirely executory each party has the right to rely upon the nominated terms, but when they construe its doubtful terms by a practical application of it to a particular tract of land they are in some degree concluded to say that it does not fully describe the particular tract.

[5] DEED—DESCRIPTION—CERTAINTY.—In a conveyance of real property, the law exacts only such description as, when aided by evidence applying the description to the property, will serve to identify it.

[6] CONTRACTS—DESCRIPTION—RULE.—The completeness of description required in conveyances of real property is not required in executory contracts.

APPEAL from a judgment of the Superior Court of Tulare County. William B. Wallace, Judge. Affirmed in part; reversed in part.

The facts are stated in the opinion of the court.

Farnsworth, McClure & Burke for Appellant.

Bradley & Bradley and Power & McFadzean for Respondents.

PREWETT, P. J., *pro tem.*—This action was commenced for the purpose of recovering an amount due from defendants for failure to deliver certain peach crops, in accordance with the terms of a written contract entered into by respondent Grove and the assignor of the plaintiff. Respondent Adelsbach was made a party by order of the lower court for the reason that he became the purchaser of the real property upon which was grown the fruit men-

tioned in the contract. The plaintiff in an amended complaint sets forth the contract in full and also all the facts showing the violation thereof and the amount of damages sustained by him. The respondents demurred to the amended complaint upon the ground that it fails to state facts sufficient to constitute a cause of action.

This demurrer was sustained, without leave to amend, and judgment was entered accordingly, and from this judgment the plaintiff appeals. Two points only are presented for the consideration of the court.

[1] 1. The respondent Grove claims that the contract in question runs with the land and that, upon the conveyance of the premises to his codefendant, the latter was saddled with the burdens of the contract and the former was released therefrom. The contract contains the following provision: "It is mutually agreed between the seller and the buyer that the covenants herein contained shall run with the land herein described, and shall bind both parties hereto, their heirs, executors, administrators and assigns." This provision does not constitute a covenant running with the land. (Secs. 1460–1462, Civ. Code.) Only those covenants that are made for the direct benefit of the property and are contained in a grant of the property run with the land. (Secs. 1460 and 1462, *supra; Long* v. *Creamer Meat Packing Co.,* 155 Cal. 405, [101 Pac. 297].) It is so clear that this is not a covenant running with the land that an extended examination of the point would be superfluous. It is quite true that parties may so word a contract that it will create a charge or lien upon land for the performance of the terms of a contract and yet it may fall far short of creating a covenant running with the land. In this case the language used by the parties is not sufficient either to create a lien upon the land or to bind the assigns of the respondent Grove. The provision that the covenants shall run with the land does not effect that result. The provision must, therefore, be rejected as surplusage. [2] It could scarcely be contended that the remaining portions of the covenant clause could bind a purchaser from respondent Grove, and, at all events, they could not operate to relieve Grove from his contract. (*California Packing Co.* v. *Emirzian,* 45 Cal. App. 236, [187 Pac. 77].) And the determination of this last point is really the extent of our inquiry,

since the appellant concedes that respondent Adelsbach should not be bound. This relieves us from any concern as to the success of the parties in creating a lien upon the premises. We are of the opinion that respondent Grove is bound, for the twofold reason that no covenant running with the land absolves him and carries the burden over to his grantee, and that the parties have not used apt words in other respects either to relieve him or to shift the burden to another.

[3] 2. The second point relied upon to sustain the judgment is that the description of the real property is so defective that the contract cannot be made the foundation for a personal liability on the part of respondent Grove. It must be conceded that the description is somewhat faulty, but we are satisfied that it is quite sufficient to sustain this contract. The description is in the following words: ''The following orchards and lands leased or owned by the seller in the County of ............ State of California, to wit: Located 3/4 miles southeast of Visalia.'' And further along in the contract occur the following statements, which may be useful in identification of the property: ''Acres, 10, Present age, 6, Varieties of fruit, Tuscan peaches. Acres 10, Present age, 6, Varieties of fruit, Phillips peaches.'' It is fundamental that a contract must be so interpreted as to give effect to the mutual intention of the parties. (Civ. Code, sec. 1636.) An interpretation must make a contract lawful, operative, definite, reasonable, and capable of execution, if such interpretation is possible. (Civ. Code, sec. 1643.) A contract is to be construed according to its ordinary and popular meaning rather than according to its strict legal sense. (Civ. Code, sec. 1644.) A contract may be explained by references to the circumstances under which it was made and the matter to which it relates. (Civ. Code, sec. 1647.) Ambiguity must be resolved in that sense in which the promisor believed that the promisee understood the matter. (Civ. Code, sec. 1649.) Uncertainty must be resolved against the promisor. (Civ. Code, sec. 1654.) ''Contemporaneous exposition is in general the best.'' (Civ. Code, sec. 3535.) ''An interpretation which gives effect is preferred to one which makes void.'' (Civ. Code sec. 3541.) These principles of interpretation, applicable alike to all contracts, are peculiarly illuminating when ap-

plied to the facts of this case.  It is seen from the allegations of the complaint that the parties were contracting with reference to a fruit orchard containing twenty acres of peach trees of two well-known varieties, and about six years of age; that the promisor clearly intended to sell and the promisee intended to buy the fruit to be grown thereon for a period of five years; that for two years these parties construed this contract as applying to a certain orchard; that for these two years the promisor delivered the fruit to the promisee *under this contract* and received the stipulated price, and that he now repudiates the contract.  It is shown that the respondent Grove did not, at the date of the contract, own any other peach orchard within the county. It is possible that this court might rest its conclusions entirely upon the contemporaneous exposition of the meaning of the contract evidenced by the acts of the parties for a period of two years.  [4]  While the contract was entirely executory, each party had a right to rely upon its nominated terms, but when they construed its doubtful terms by a practical application of it to a particular tract of land they are in some degree concluded to say that it does not fully describe that particular tract.  Upon this point the language of Mr. Justice Sawyer in *Mulford* v. *Le Franc*, 26 Cal. 108, is pertinent: "But if the meaning of the language of the instrument can be considered doubtful, another rule of construction is, that when the words of a grant are ambiguous, the court will call in the aid of the acts done under it as a clue to the intention of the parties."

"The construction as to the boundary given to a doubtful deed by the parties themselves as shown by their acts and admissions, will be accepted as the true one, unless the contrary is shown."  (4 Am. & Eng. Ency. of Law, 796.) "The construction which the parties have, by their acts, placed upon an ambiguous instrument is entitled to great, if not controlling weight in determining its proper construction."  (17 Id. 24, citing a long array of authorities.) Along a like line is the case of *Stanley* v. *Green*, 12 Cal. 163, where the court says: "The law will not declare the instrument void for uncertainty until it has been examined with all the light which contemporaneous facts may furnish. If these render the instrument clear and the words of the instrument are, by fair rendering, susceptible of a construc-

tion to uphold such intention, then they will be so construed and the instrument enforced.'' This doctrine was cited with approval in *County of Los Angeles* v. *Hannon,* 159 Cal. 41, [112 Pac. 878]. In *Pio Pico* v. *Coleman,* 47 Cal. 65, the court says: ''The parties have themselves so construed the deed by their subsequent acts and there is no reasonable ground to doubt that this is the correct interpretation of it.'' ''Undoubtedly, where the location of premises intended to be conveyed can be ascertained from the terms used in the instrument of conveyance, neither the acts nor declarations of the parties are admissible to show their understanding of the description contained in the conveyance. But where the terms used to describe the premises meant to be conveyed are equivocal, ambiguous, or insufficient, the subsequent acts of the parties, while in interest, showing the practical construction put upon the terms of the description by them, may be resorted to for the purpose of ascertaining their intention.'' (*Truett* v. *Adams,* 66 Cal. 218, [5 Pac. 96].) Our attention has been drawn to some other authorities in support of the same principle, but it seems unnecessary to cite them.

3. Independently of any construction based upon the acts of the parties, the language used in the description is sufficiently definite. In considering this point the court is required to keep in mind two leading principles. **[5, 6]** First, in a conveyance of real property, the law exacts only such description as, when aided by evidence applying the description to the property, will serve to identify it, and, secondly, it requires no such completeness of description in executory contracts. Upon the second point we cite *Marriner* v. *Dennison,* 78 Cal. 202, [20 Pac. 386], where the court says: ''But the rule as to particularity of description required in executory contracts to convey is extremely liberal in favor of their sufficiency. The rule is that where the description, so far as it goes, is consistent, but does not appear to be complete, it may be completed by extrinsic parol evidence, provided a new description is not introduced into the body of the contract, and the complaint must contain the averments of such extrinsic matter as may be necessary to render the description complete. But parol evidence cannot be heard to furnish a description. The only purpose for which such evidence can be heard is to

apply the description given to the subject matter. Thus if the description were *my* farm in Los Angeles County, an allegation in the complaint that I owned but one farm in said county and where it was situated would apply the description to the proper subject matter and render it certain. But if the description were *a* farm in Los Angeles County, it could not be rendered certain by the allegation of such intrinsic matter." Again, in another case, the court says: "This, it is to be remembered, is a contract for the sale of land and not a deed of grant of the land, and much greater liberality is allowed in construing the descriptions contained in such contracts. The certainty required in deeds is not essential where, even by parol evidence, the property in contemplation of the parties to be conveyed can be definitely ascertained. And even in the case of deeds, the ancient strictness of the rule is not adhered to." (*Lange* v. *Waters*, 156 Cal. 142, [19 Ann. Cas. 1207, 103 Pac. 889].)

But in this case now under review, the description of the land and its identity are only incidental to the main purposes of the contract. The contract does not involve the title or right of possession of the land. And it seems that in such a case, even a less stringent rule applies than in the case of executory contracts to convey land. As said by this court, quoting from an earlier case: "Much greater liberality is allowed in construing and curing defective descriptions in broker's contracts than in a deed of grant of land, so far as the statute of frauds is concerned, the terms of the employment are the essential parts, and such contracts will not be declared void merely because of a defect, uncertainty or ambiguity in the description of the property to be sold or exchanged when such defect can be cured by the allegation or proof of extrinsic facts or circumstances." (*Goodrich* v. *Turney*, 44 Cal. App. 516, [186 Pac. 806].)

Carefully analyzing the description in this case, we see that it meets even rather exacting requirements. It is composed of the following elements:

a.—The fruits growing and to be grown during certain years;

b.—Upon the following orchards;

c.—Leased or owned by the seller;

d.—Located three-fourths of a mile southeast of Visalia;

e.—Containing ten acres of Tuscan peach trees, six years old;

f.—Containing ten acres of Phillips peach trees, six years old.

It will be noted that each one of these elements helps to identify the premises. It is averred in the complaint that the lands in question are owned by the seller and that he owns no other; that they contain orchards; that these orchards answer in all respects to the calls in the description, and that the premises are three-fourths of a mile southeast from Visalia. It may be that this last call is in fact a little hazy, but in theory it is not.

There is no intrinsic difficulty in locating a point three-fourths of a mile southeast of Visalia. Such a point exists and it is a mathematical point. The complaint informs us that such a point can be and has been found and that thereat is located an orchard of twenty acres, bearing certain fruit trees fulfilling in every particular the calls of the contract. There can be but one orchard at the point in question, but conceding for the moment, that a description calling for a point three-fourths of a mile southeast of Visalia might possess such uncertainty as to be in some degree a floating point, still it is only barely conceivable that another orchard should be found in the immediate locality containing twenty acres and bearing fruit trees of the kind and age described in the contract. Such coincidences happen only in theory and not in practice.

Even in the case of deeds, much indulgence is allowed. "The general rule in regard to the construction of the description of the premises in a deed is one of the utmost liberality. The intent of the parties, if it can by any possibility be gathered from the language employed, will be effectuated." (*Aguire* v. *Alexander,* 58 Cal. 21, quoting from page 37.) "A deed is not to be held void for uncertainty if by any reasonable construction, it can be made available." (3 Washburn on Real Property, 2320.) "A deed will not be declared void for uncertainty if it is possible by any reasonable rule of construction to ascertain from the description, aided by extrinsic evidence, what property it was intended to convey." (1 Jones on Real Property, 323.)

In *Wade* v. *Deray,* 50 Cal. 381, a description far less satisfactory than that found in this case was upheld. In that case there were two descriptions, but one of them was held to be erroneous and was rejected. The following was held to be sufficient: "That tract of land now used and occupied by said Deray as a vineyard, on the road leading from the town of Alviso to the city of San Jose and about three miles in a southerly direction from the town of Alviso, or the Embarcadero, nearly opposite the old mill, near the mill of James Lick."

Respondent Adelsbach was improperly made a party, and the judgment as to him is affirmed. The judgment as to respondent Grove is reversed and the trial court is directed to overrule his demurrer.

Burnett, J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 4, 1921.

All the Justices concurred.