[Civ. No. 4342. First Appellate District, Division Two.—June 21, 1923.]·

# M. A. TOLOSANO, Respondent, v. A. M. WILL, Appellant.

[1] BROKER'S COMMISSIONS — CONFLICTING EVIDENCE — FINDINGS OF FACTS—APPEAL.—In an action to recover a broker's commission, where the trial court has found upon conflicting evidence that the contract was signed by defendant, that plaintiff did not change or cause any alterations to be made in the same, that plaintiff produced a purchaser ready, willing, and able to purchase the property upon the terms and conditions agreed upon between plaintiff and defendant, and that plaintiff duly performed all the terms and conditions of the contract upon his part to be performed, but that defendant refused to complete the sale of the property, such findings of fact are not open to review by the appellate court.

[2] ID.—LICENSED BROKER—PROOF.—In an action to recover a real estate broker's commission, it is not necessary for the plaintiff to prove that he was a duly licensed real estate broker by the evidence of the original license itself, and if such original license was lost or destroyed, its efficiency was not impaired thereby and proof can be made by the certificate of the real estate commissioner that the same had been duly issued.

[3] ID.—PLACE OF BUSINESS.—The recital in a real estate broker's license that his principal place of business is at a given location does not require him to maintain an office there as his exclusive place of business.

[4] ID.—DUPLICATE LICENSE—PRIMA FACIE PROOF OF STATUS—CANCELLATION—BURDEN OF PROOF.—Where the plaintiff in an action to recover a broker's commission produces a duplicate license certificate from the state of California he has made *prima facie* proof of his status as a duly licensed broker, and if the defendant wishes to show any facts which effected a cancellation of the same it is his duty to take up that burden.

[5] ID.—DESCRIPTION OF PROPERTY.—In a broker's contract of employment, a description of real property as being forty· acres, located twelve miles west of Fresno, of which thirty-six acres are planted to Thompson grapes, four years old, and four acres to alfalfa, followed by a general description of the improvements

1. What constitutes employment of broker which will entitle him to commissions otherwise earned, note, 27 L. R. A. (N. S.) 786.

When broker's commissions are earned, note, 139 Am. St. Rep. 225.

and other personal property on the premises, is sufficient where it
is shown that the defendant owned only the one piece of property
in that locality.

APPEAL from a judgment of the Superior Court of
Fresno County. J. E. Woolley, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. M. Drew for Appellant.

Savage, Lopez & Lovejoy for Respondent.

LANGDON, P. J.—This is an appeal by the defendant
from a judgment against him for two thousand dollars.
The plaintiff is a real estate broker and brought the action
to recover five per cent commission under a contract be-
tween himself and defendant for the sale of certain real
property near Fresno owned by defendant. Plaintiff alleged
the making of the contract in writing and the production
of a purchaser by him, ready, able, and willing to purchase
under the terms of the said contract, and the refusal of the
defendant to consummate the transaction.

[1] There is some conflict in the testimony as to the
signing of the contract between the parties; also a sug-
gestion of change in its terms, etc., but the trial court, after
hearing all the testimony, concluded in its findings that
the contract was signed by the defendant; that plaintiff
did not change or cause any alterations to be made in the
same; that plaintiff produced a purchaser ready, willing,
and able to purchase the property upon the terms and
conditions agreed upon between plaintiff and defendant;
that plaintiff duly performed all the terms and conditions
of the contract between himself and defendant upon his
part to be performed, but that the defendant refused to
complete the sale of said property. We shall not go back
of these findings and discuss the conflicting evidence found
in the record upon these questions of fact, as we are without
power to review questions of fact settled by the trial court
upon conflicting evidence.

[2] The only substantial attack made by the appellant
upon the findings is with reference to the finding that at
all times mentioned the plaintiff was duly licensed by the

real estate department of the state of California as a real estate broker under the provisions of the laws of the state of California licensing real estate brokers. Upon this matter the evidence is without conflict. It is alleged and found that the contract between the parties was entered into on April 9, 1921, and that the purchaser was produced on May 4, 1921. The plaintiff offered in evidence a license from the state of California to engage in the real estate business as an individual broker, which reads as follows:

"M. A. Tolosano, whose principal place of business is at No. 319–20 Griffith-McKenzie Bldg., in the city of Fresno, County of Fresno, State of California, having paid to the Real Estate Commissioner of the State of California the sum of Seven and 50/100 Dollars and having complied with all conditions as required by law, license is hereby granted him to act in the capacity of real estate broker, as provided by law, for the period from April 1, 1921, to January 1, 1922.

"Void except at this place of business.

"Witness my hand and official seal this Twenty-third day of May, 1921.

"(Seal of Real Estate Commissioner)

"EDWIN T. KEISER,

"Real Estate Commissioner of the State of California.

"Reason Issued: Duplicate lost in transit.

"No charge for this license."

Indorsed across said license: "1921, Duplicate License."

Appellant contends that this duplicate license, issued in May, 1921, attempted to relate back to April 1, 1921, and that the real estate commissioner has no power to make a license retroactive. We think that question is not presented by the record. The license, on its face, shows that it was issued as a duplicate because the original had been lost in transit. It was not necessary for the plaintiff to prove that he was a duly licensed real estate broker by the evidence of the original license itself. If the license had been lost or destroyed, its efficiency would not have been impaired thereby and proof could have been made by the certificate of the real estate commissioner that the same had been duly issued. This duplicate license in evidence is, for all purposes, such a certificate.

It is contended that the plaintiff was not doing business at the place specified in the license and, therefore,

under the act relating to real estate brokers (Stats. 1919, p. 1252, as amended by Stats. 1921, p. 1294), section 11 thereof, the license was automatically canceled. No question of law in relation to this matter is presented by the record, because the facts in evidence do not bear out appellant's contention. The duplicate license recites that plaintiff's *principal* place of business is 319 Griffith-McKenzie Building. Plaintiff testified that on April 9th, the time of the execution of the contract, he had his own license; that at the time he and Mr. Stevenson were working as a partnership he had a partnership license, but that he had sent it back because it "wasn't good form" and got his license. He continued: "I sent the license in the first part of April, before I leave 1025 J Street, was to move to 1909 Fresno. I send my license in, I send my old license back, and send them a check to send me the new license." This testimony does not indicate that the Griffith-McKenzie Building was not the *principal* place of business of the plaintiff. [3] The statement that he "was to move to 1909 Fresno" is not a statement that he actually did move there, but even though we were to concede that the statement is susceptible of such a construction, nevertheless, plaintiff is not required to maintain an office in the Griffith-Mc-Kenzie Building as his exclusive place of business.

[4] We think that when the plaintiff produced the duplicate license certificate from the state of California he made *prima facie* proof of his status as a duly licensed broker, and if defendant wished to show any facts which effected a cancellation of the same it was his duty to take up that burden.

[5] The only other point requiring discussion is the contention of appellant that the property involved here is not sufficiently described in the contract between the parties to make the same a valid and enforceable obligation. The contract between the parties was written upon what is known as a "listing card." It was offered in evidence. Upon that card, among other matters, the property is described as forty acres located twelve miles west of Fresno; also that thirty-six acres of said land are planted to Thompson grapes, four years old, and four acres of alfalfa; that there is situated upon the property a house of three rooms, a barn, a tank-house, a windmill, and an electric

plant. The number of sweat-boxes, picking-boxes, horses, farming tools, and implements upon the premises were also stated.

Plaintiff testified that he asked for a description of the land by metes and bounds, but that defendant was unable to furnish the same, but told plaintiff to go to the assessor's office and get the description. Plaintiff secured the description from the assessor's office and filed it with the card as a part of the contract. At the trial defendant objected to this particular description being admitted in evidence as a part of the contract and is contending on appeal that it should have been excluded and that without it the description in the contract is insufficient to make it enforceable.

It would seem that when defendant told plaintiff to secure this description from the assessor's office for the contract he made him his agent to do so and to make it a part of the contract between the parties. However that may be, it is unnecessary to so hold for a decision of the legal problem involved, for we think the contract was sufficient without the description obtained from the office of the assessor. The defendant testified that he did not own any other forty acres adjoining this property and that the property described in the complaint was the only property he owned in the locality. He also testified that he resided twelve miles west of Fresno, on Belmont Avenue, on the property described in the complaint, and that he was the owner of said property, which was the same property set out in the listing contract.

The case of *California Packing Corp.* v. *Grove*, 51 Cal. App. 253 [196 Pac. 891], is peculiarly apt in this connection. In that case the description of the real property in the contract was, ''The following orchards and lands leased or owned by the seller in the County of ——, State of California, to wit: ''Located ¾ miles southwest of Visalia.'' The contract then stated the number of acres planted and the varieties of fruit upon the same. The appellate court said, quoting from *Mulford* v. *LeFranc*, 26 Cal. 108: ''But if the meaning of the language of the instrument can be considered doubtful, another rule of construction is, that when the words of a grant are ambiguous, the court will call in the aid of the acts done under

it as a clue to the intention of the parties." In said case
of *California Packing Corp.* v. *Grove, supra,* the following
pertinent language appears: "Independently of any con-
struction based upon the acts of the parties, the language
used in the description is sufficiently definite. In consider-
ing this point the court is required to keep in mind two
leading principles. First, in a conveyance of real property,
the law exacts only such description as, when aided by
evidence applying the description to the property, will
serve to identify it, and, secondly, it requires no such com-
pleteness of description in executory contracts. Upon the
second point we cite *Marriner* v. *Dennison,* 78 Cal. 202
[20 Pac. 386], where the court says: 'But the rule as to
particularity of description required in executory contracts
to convey is extremely liberal in favor of their sufficiency.
The rule is that where the description, so far as it goes, is
consistent, but does not appear to be complete, it may be
completed by extrinsic parol evidence, provided a new de-
scription is not introduced into the body of the contract,
and the complaint must contain the averments of such
extrinsic matter as may be necessary to render the descrip-
tion complete. But parol evidence cannot be heard to
furnish a description. The only purpose for which such
evidence can be heard is to apply the description given
to the subject matter. Thus if the description were *my*
farm in Los Angeles County, an allegation in the com-
plaint that I owned but one farm in said county and
where it was situated, would apply the description to the
proper subject matter and render it certain. But if the
description where *a* farm in Los Angeles County, it could
not be rendered certain by the allegation of such extrinsic
matter.' Again, in another case, the court says: 'This,
it is to be remembered, is a contract for the sale of land
and not a deed of grant of the land, and much greater
liberality is allowed in construing the descriptions con-
tained in such contracts. This certainty required in deeds
is not essential where, even by parol evidence, the property
in contemplation of the parties to be conveyed can be defi-
nitely ascertained. And even in the case of deeds, the
ancient strictness of the rule is not adhered to.' (*Lange*
v. *Waters,* 156 Cal. 142 [19 Ann. Cas. 1207, 103 Pac. 889].)

"But in this case now under review, the description of the land and its identity are only incidental to the main purposes of the contract. The contract does not involve the title or right of possession of the land. And it seems that in such case, even a less stringent rule applies than in the case of executory contracts to convey land. As said by this court, quoting from an earlier case: 'Much greater liberality is allowed in construing and curing defective descriptions in brokers' contracts than in a deed of grant of land, for so far as the statute of frauds is concerned, the terms of the employment are the essential parts, and such contracts will not be declared void merely because of a defect, uncertainty or ambiguity in the description of the property to be sold or exchanged when such defect can be cured by the allegation or proof of extrinsic facts or circumstances.' (*Goodrich* v. *Turney,* 44 Cal. App. 516 [186 Pac. 806].)''

The cases of *Carr* v. *Howell,* 154 Cal. 372, 377 [97 Pac. 885], and *Kent* v. *Williams,* 146 Cal. 3, 10 [79 Pac. 527], are also in point upon the subject under discussion.

There are no other matters requiring discussion and the judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 20, 1923.