**RICHLAND CALABASAS L.P., a Florida Limited Partnership; Oakville Stokes Canyon L.P., a Florida Limited Partnership, Plaintiffs—Appellants,**

v.

**CITY OF CALABASAS, a political subdivision of the State of California; Mountains Recreation & Conservation Authority, a public entity of the State of California; Virgenes Municipal Water District, a municipal water district, Defendants—Appellees.**

No. 00–55490.

D.C. No. CV–99–04882–RAP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 7, 2002.

Decided Aug. 22, 2002.

Before REINHARDT, TROTT, and TASHIMA, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

MEMORANDUM *

Richland Calabasas L.P. and Oakville Stokes Canyon L.P. (collectively "Richland") appeal the district court's dismissal of their complaint for lack of standing. We have jurisdiction over Richland's timely appeal pursuant to 28 U.S.C. § 1291, and we review de novo the district court's decision on standing. *See Johns v. County of San Diego,* 114 F.3d 874, 876 (9th Cir. 1997). We affirm.

▇ Richland admits that it is not a party to the Development Agreement ("Agreement") and that it did not purchase the Goodman Property or its option on the Ackley–McLeod Property from any party to the Agreement. In addition, Richland concedes it is not an assignee or transferee of any party to the Agreement. Nor is Richland a third party beneficiary of the Agreement.

Furthermore, Richland is not a successor-in-interest to Micor. Richland has not acquired any rights or property directly from any party to the Agreement. Nor has Richland fulfilled the conditions set forth in the Agreement to become Micor's successor-in-interest. Richland did not seek the City's approval to succeed Micor, and it is not a Micor-controlled entity or its wholly-owned subsidiary. Richland is an entity distinct from Micor, claiming rights only by virtue of owning some land that Micor sought to develop as the Enclave at Calabasas.

Richland vigorously contends that the rights covenanted by the Development Agreement run with that land, and as an owner of *some* of the land covered by the Development Agreement, it is entitled to the benefits (as well as the burdens) conferred by *all* those covenants. We disagree.

Burdensome or beneficial covenants run with the land if made "by an owner of land with the owner of other land, or made by a grantor of land with the grantee of land, or made by the grantee of land with the grantor thereof." Cal. Civ. Code § 1468. Here, when the City entered into the Agreement it had no interest in land; it was neither an owner of land nor grantor or grantee of land conveyed. It entered the Development Agreement only in its regulatory capacity. Thus, the covenants purportedly created by the Agreement lacked statutory approbation and have been impotent since their creation. Cal. Civ.Code § 1461 (permitting only covenants specified by statute); *See McCaffrey v. Preston,* 154 Cal.App.3d 422, 201 Cal.Rptr. 252, 261 (1984) (rejecting covenant under § 1468 because the covenantor and covenantee were not land owners at the time the covenant was made). *Cal. Packing Corp. v. Grove,* 51 Cal.App. 253, 196 P. 891, 892 (1921) (rejecting contract which purported to create "covenants [that] run with the land").

If the Agreement is not construed as a covenant running with the land, Richland argues that it should be interpreted as an equitable servitude. An equitable servitude is created by recorded deed or other written agreement between land owners. *Soman Props., Inc. v. Rikuo Corp.,* 24 Cal.App.4th 471, 29 Cal.Rptr.2d 427, 434 (Cal.Ct.App.1994). The City did not enter into the Agreement as a land owner, and thus, no equitable servitude arose.

Finally, the district court properly denied Richland's motion to amend its complaint because any amendment would have been futile.

AFFIRMED.